# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### January 2000 Session

## JOE H. WALKER v. SIDNEY GILREATH & ASSOCIATES, ET AL.

**Appeal from the Circuit Court for Knox County**
**No. 1-319-96   Dale C. Workman, Judge**

_____FILED JULY 20, 2000_____

**No. E1999-01012-COA-R3-CV- Decided**

———————————

This is a legal malpractice action in which Plaintiff appeals summary judgment entered for all Defendants. Plaintiff claims that Defendants, attorneys who represented him in a personal injury case, failed to file a Tenn. R. Civ. P. 54.04 motion for discretionary costs. The trial court held that compliance with the applicable standard of care involved genuine issues of material fact but sustained the summary judgment of all Defendants on the basis of the speculative character of Plaintiff's damages. We reverse and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Reversed and Remanded**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM C. KOCH, JR., J., joined.

Norbert J. Slovis, Knoxville, Tennessee, for the appellant, Joe H. Walker.

R. Franklin Norton and Geoffrey D. Kressin, Knoxville, Tennessee, for the appellee, Sidney Gilreath & Associates.

Darryl G. Lowe, Knoxville, Tennessee, for the appellees, Gary McDonald and Brenda Hall.

## OPINION

Plaintiff, Joe H. Walker, was at the time of the accident in this case and is presently incumbent Public Defender for the 9th Judicial District of Tennessee. On May 17, 1991, he was driving his Mazda automobile on Highway 27 in Harriman, Roane County, Tennessee, accompanied by his son seated in the front passenger seat. He suddenly stopped his automobile, a 1983 Mazda EX-7 in order to avoid striking a pedestrian, one Dennis Morelock. His automobile was then struck from the rear by a truck belonging to Bert Hatmaker doing business as Bert Hatmaker Trucking and driven by Andrew B. Bolton. In the accident, both Joe H. Walker and his son Andrew Walker received catastrophic spinal cord injuries rendering both of them quadriplegic. The case involving Andrew Walker is not involved in this appeal.

Defendants at bar, Sidney Gilreath & Associates, Gary McDonald and Brenda Hall, were employed to represent Joe Walker and his son in the underlying tort action against Mazda, Bert Hatmaker Trucking and Andrew Bolton. Efforts at mediation and settlement were not productive and, following an extended jury trial, a verdict was rendered finding the pedestrian Morelock 64% at fault, Plaintiff Joe H. Walker 13% at fault, the defendant Mazda 13% at fault, and the defendants Bolton and Hatmaker jointly 10% at fault. The same jury returned a verdict for damages in the amount of $4,292,019. The portion of the judgment attributable to pedestrian Morelock was uncollectible, and the defendants Bolton/Hatmaker settled pre-trial. Joe Walker, having been found less than 50% at fault, recovered from Mazda the sum of $557,962.47, same being 13% of the total damages awarded by the jury.

The underlying tort case was an expensive one involving millions of dollars in damages. However, collectibility of such damages was largely dependant on the extent to which fault could be attributed to Mazda. Under the contingent fee arrangement between Plaintiff and Gilreath & Associates, Plaintiff was responsible for payment of expenses including those advanced by Gilreath & Associates. The total amount of advanced expenses made by Gilreath & Associates on behalf of Joe and Andrew Walker was $241,954.40. Of these expenses, Gilreath & Associates, in the final distribution after the verdict, agreed to absorb $20,225.72 leaving a balance in expenses of $221,728.78 paid by Plaintiff and his son, either from independent funds or from their final recovery.

At the time of the trial of the underlying tort action, Rule 54.04(2) of the Tennessee Rules of Civil Procedure provided:

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion. Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials, and guardian ad litem fees; travel expenses are not allowable discretionary costs. Subject to Rule 41.04, a party requesting discretionary costs shall file and serve a motion within thirty (30) days after the entry of judgment. The trial court retains jurisdiction over a motion for discretionary costs even though a party has filed a notice of appeal.

Gilreath & Associates, McDonald and Hall did not file a motion to seek discretionary costs from Mazda resulting in the present suit for legal malpractice.

Lawrence Leibowitz, an attorney licensed to practice in Tennessee, reviewed various documents and facts in the underlying case. He concluded that, in his professional opinion, Defendants did not deviate from or fall below the standard of care or standard of practice for attorneys practicing law in Knox County and Roane County, Tennessee in not filing a motion for discretionary costs. He further opined that under the facts of the underlying case, the trial court would not have awarded discretionary costs even if a motion had been filed. He filed an affidavit to this effect in support of the motion for summary judgment. The Leibowitz affidavit was countered by the affidavit of Patricia Murphy, a practicing attorney in Roane County, Tennessee,

who opined that discretionary costs should have been sought and that Judge Simmons, who tried the underlying tort case, generally allowed discretionary costs to the prevailing party under Rule 54.

Barbara Scalf, Deputy Circuit Court Clerk of Roane County, filed an affidavit stating that "whenever appropriate motions and affidavits have been filed pursuant to Tenn. Rules of Civil Procedure 54.04 the trial judge awarded discretionary costs to the prevailing party or parties." She searched the records in all of the counties wherein Judge Simmons presided over the court and stated that she was unable to find a case where Judge Simmons had denied a motion for discretionary costs to the prevailing party "whenever an appropriate motion and affidavit were filed."

At a relatively early stage of the pre-trial proceedings in the underlying tort action, Plaintiff became dissatisfied with Mr. Gilreath for not keeping him informed as to the proceedings. Particularly disquieting to Plaintiff was the intervention by Blue Cross/Blue Shield for a substantial subrogation interest without sharing in litigation expenses. Plaintiff thereupon entered an appearance himself as counsel of record along with Defendants Gilreath, McDonald and Hall.

It is undisputed in this record that no motion under Rule 54.04(2) of the Tennessee Rules of Civil Procedure for discretionary costs was ever filed in the underlying tort case. The record before this court in this appeal is very limited in this respect and provides very little insight into the reasons no such motion was filed. However, the record does disclose a sharp, factual dispute as to who made the decision not to file the Rule 54.04 motion. Says Mr. Gilreath in response to interrogatory:

> ANSWER: Post trial motions, including a motion for discretionary costs, were discussed with Joe Walker on several occasions by phone and in person, some of which were in the presence of Gary McDonald. The substance of the conversations included the quotient verdict, discretionary costs, and the possibility of Mazda filing a motion for new trial which we wanted to avoid. I told Joe Walker that I would not file any post trial motions, including a motion for discretionary costs. Joe Walker was an attorney of record. He could file a motion for discretionary costs if he so chose.

Mr. McDonald, in affidavit, says:

> In any attorney-client relationship, the attorney provides information and advice to the client, and the client makes the decision as to all matters. In this specific instance, Plaintiff and Defendants engaged in a telephone conference during which several matters, including the question of filing for discretionary costs, were discussed. The Defendant Attorneys advised Walker not to file a motion for discretionary costs and it was his specific decision not to file such a motion. Further, since he was attorney of record as well as the Plaintiff, Walker was fully capable of filing his own motion for discretionary costs if he did not agree with the advice provided to him by the Defendant Attorneys.

In one affidavit, Plaintiff made the following statement:

The only attorney in the Walker v. Mazda suit that Joe Walker has ever spoken with regarding discretionary costs was Mr. John McReynolds, attorney for Mazda. This conversation took place subsequent to Mr. Walker's conversation with Mr. Leibowitz. Mr. McReynolds advised that he and Mr. Gilreath discussed discretionary cost applications after the judgment had been entered and the Mr. Gilreath filed no discretionary cost motion. Mr. McReynolds stated that he was considering filing an application for a large amount of discretionary cost[s] on behalf of Mazda and that although there was no actual agreement, neither filed for discretionary cost[s]."

In the second affidavit, Plaintiff stated: "As to paragraph five in the Gary McDonald Affidavit, Plaintiff Joe H. Walker emphatically denies each and every statement therein. As the defendants' former client, the Plaintiff denies he made the decisions as to all matters at any time. The telephone conference Mr. McDonald alludes to is a figment of Mr. McDonald's imagination or else is an intentional misstatement of fact."

In sustaining the motion for summary judgment filed by Defendants, the trial court held:

This is a unique action for legal malpractice. The sole complaint by the Plaintiff, who is a licensed attorney, is that the Defendant attorney, after a significant recovery in a multi-party tort case, was negligent in not filing a motion for discretionary costs. Having found there is at least a contested issue of material fact as to whether Defendants['] failure to file a motion is a violation of the standard of care, the sole issue is whether the record establishes damages for which the Plaintiff could maintain a cause of action. Plaintiff's counsel indicated in the hearing the sole basis of establishing damages would be the affidavits and particularly the affidavit and attachments of Barbara Scalf.

The review of the affidavits and attachments would create[d] only speculation as to whether Plaintiff was damaged and the extent of such damages. To recover, Plaintiffs must establish that it is more probable tha[n] not: 1) The trial court in the tort case would have granted a Rule 54.04 motion for discretionary costs if it had been filed and 2) the amount of the discretionary costs that would have been granted.

The only material submitted, neither party having offered the testimony of the trial judge, is the attachments to the Scalf affidavit that the trial judge had partially or fully granted discretionary costs in certain cases where such motions had been filed. How can Plaintiff prove that a trial judge would exercise discretion referred to in Rule 54.04 (2)? There is no supporting material indicating previous discretion being granted in similar comparative fault cases as complicated as the underlying tort case of the Plaintiff.

If this Court assumes that there is created a contested issue of fact as to whether the Court would have exercised it's [sic] discretion, the record is devoid of

-4-

any evidence from which a reasonable person could determine an amount that would have been granted. The record would create pure and absolute speculation as to an amount that more probably than not would have been granted. The authorities cited by the plaintiff each have some factually established grounds to indicate the amount of damages although the exact amount is not subject to precise calculation. In the Plaintiff's case, there is not criteria from which a general amount of the cost that would have [been] granted can be established. To say the amount of discretionary cost[s] that would have been granted to the Plaintiff is $1.00 or $100,000.00 or anywhere between those figures is pure speculation.

The standard of review on appeal from summary judgment is settled and familiar. We must take the strongest legitimate view of the evidence in favor of the non-moving party allowing all reasonable inferences in favor of that party and discard all countervailing evidence. *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993). If under such review of the record there is a genuine dispute as to material facts or there is doubt as to such dispute, the motion for summary judgment must fail and the case must be tried on its merits. *Evco Corp. v. Ross*, 528 S.W.2d 20, 25 (Tenn. 1975).

In a suit for legal malpractice, a plaintiff must prove three elements in order to prevail. These are 1) employment of the defendants, 2) neglect on the part of the defendants of a reasonable duty and, 3) damages resulting from such neglect. *Sammons v. Rotroff*, 653 S.W.2d 740, 745 (Tenn. Ct. App. 1983). The trial judge held that disputed issues of material fact were evidenced by this record as to elements numbers one and two. In this holding, we agree with the trial judge since there is no dispute but that Defendants were employed as counsel for Plaintiff Joe Walker in prosecuting his personal injury action against Mazda and other defendants. It is further clear that the affidavits of Barbara Scalf and Patricia Murphy, together with the deposition of Plaintiff, the affidavits of Gary McDonald and the answer to interrogatory of Sidney Gilreath are sufficient to establish a dispute as to material questions of fact regarding whether or not the failure to file a motion for discretionary costs under Rule 54.04(2) deviated from the standard of care required of an attorney.

The trial court granted the summary judgment motion because he concluded that the evidence in the record was insufficient to establish damages without resorting to "pure speculation." In this respect, we disagree with the trial court's analysis of the evidence. Taken to its logical conclusion, the position of the trial court as to damages would completely insulate an attorney for a party from the consequences of failure to file a Rule 54.04(2) motion in any case, no matter how meritorious the motion might be. This is so because the granting of a Rule 54.04(2) motion is discretionary with the trial court, and if the trial court never has an opportunity to exercise such discretion, further inquiry would be pure guess work.

Plaintiff Joe Walker is a "prevailing party" as to Mazda within the meaning of Rule 54.04 of the Tennessee Rules of Civil Procedure. He was found to be 13% at fault and Mazda was found to be 13% at fault. Since Plaintiff is found less at fault in this multiple tort feasor litigation than the combined fault of all other persons to whom fault was attributed by the jury, he prevailed against Mazda. *See McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992). He thus received a verdict against Mazda in the amount of $557,962.47. To what extent, if any, the trial court would have allowed him

discretionary costs against Mazda can never be known because the Rule 54.04 motion was never filed. The inquiry, however, does not end at this point. The affidavit of Barbara Scalf asserts that Judge Simmons, who tried the underlying tort case, always granted discretionary costs to the prevailing party "whenever appropriate motions and affidavits have been filed pursuant to Tennessee Rules of Civil Procedure 54.04." At trial, the burden is upon the plaintiff to prove by a preponderance of the evidence the amount of her damages. In order to preponderate, the evidence must have the greater convincing effect on the trier of fact. *Austin v. City of Memphis*, 684 S.W.2d 624, 634 (Tenn. Ct. App. 1984).

Because the Rule 54.04 motion for whatever reason was never filed, one can never know what the judge in the underlying tort action might have done. The Scalf affidavit gives some indication of what he had done in the past. This is sufficient to withstand summary judgment on the question of the "speculative" character of Plaintiff's alleged damages.

> The courts will allow recovery even if it is impossible to prove the exact amount of damages from the breach of contract. Otherwise, in certain instances, the courts would be powerless to help some wronged parties. "Exact justice is not always attained, and the law does not require exactness of computation in suits that involve questions of damages growing out of contract o[r] tort." In *Coverdell v. Mid-South Farm Equipment Assoc., Inc.*, 335 F.2d 9 (6th Cir. 1964), the court applied Tennessee law to determine that an insurance company agent who was informed by trustees of the defendant corporation that he had been hired under a personal service contact to organize their group insurance, worked an entire weekend on the project, and cancelled an appointment in Texas was damaged when the trustees gave the contract to another agent. Uncertain and speculative damages are prohibited only when the existence of damage is uncertain, not when the amount is uncertain. When there is substantial evidence in the record and reasonable inferences may be drawn from that evidence mathematical certainty is not required. *Id.* at 14.

*Cummins v. Brodie*, 667 S.W.2d 759, 765 (Tenn. Ct. App. 1983) (citation omitted). We therefore hold that the trial court erred in granting summary judgment to the defendants on the basis that Plaintiff's proof of damages is "pure speculation."

Lastly, Defendants assert that Plaintiff Joe Walker, a licensed attorney, entered his own name as counsel of record and could have filed his own motion for discretionary costs and was at least 50% at fault in this respect which should bar his recovery. It is true that Plaintiff entered his name as counsel of record but nothing in the record before the court in this appeal indicates the extent of the participation of Plaintiff in the actual trial of the case. Plaintiff asserts that all decisions on tactics and strategy were those of Mr. Gilreath and that Plaintiff was physically unable to actively participate in decision making. He further denies an awareness of the particulars of Rule 54 since, in 1989, he had stopped practicing civil law and devoted himself to the full time practice of criminal law in his position as public defender.

In this respect, Rule 54 was first amended to allow for the type of discretionary costs sought in this case in 1986 and it was not until April 1991, one month before the accident in this case, that the Supreme Court issued its opinion in *Lock v. National Union Fire Insurance Co.,* 809 S.W.2d 483 (Tenn. 1991). In the *Lock* case, the Supreme Court said: "This is the first time this court has been asked to interpret our 1986 amendment to Rule 54.04 dealing with discretionary costs. It was our intent that reasonable and necessary costs, in the preparation and trial of a case, could be assessed as discretionary costs by the trial court. The awarding of such costs is a discretionary matter with the trial court . . . . " It was not until the 1993 amendment to Rule 54.04(2), Tenn. R. Civ. P., that the Supreme Court conformed the specific language of the rule to its opinion in *Lock*. Since the record before this court simply does not provide us sufficient information as to the actual participation of Plaintiff as an attorney in the underlying tort action, we are not in a position to consider summary judgment on such a basis.

We do not in this opinion decide the extent of Joe Walker's duty as an attorney of record to protect his own interest in this cause. We are holding that since none of the record before this court at this summary judgment stage of the proceedings establishes, as a matter of law, what the actual participation of Joe Walker was or was not in the underlying tort case, the record before us simply provides no adequate basis for us to grant summary judgment on this issue to either party.

In argument before this court, counsel for Defendants asserted that Gilreath & Associates declined to file a Rule 54.04(2) motion because such might have precipitated a new trial motion from Mazda and counsel did not believe a new trial was in the best interest of Plaintiff. Such statement indicative of a tactical trial decision is not supported by the record in this case. No undisputed reason appears in the record for the failure to file such motion. Sound trial tactics may well have dictated this decision not to file the motion, but the record before this court provides no adequate basis to address such question on summary judgment.

The judgment of the trial court is reversed, and the case is remanded for trial on the merits. Costs of the appeal are assessed to Defendants/Appellees.

_____
WILLIAM B. CAIN, JUDGE