IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 5, 2004 Session

## JENNIFER REBECCA SPURGEON v. KEVIN BROOKS SPURGEON

**Appeal from the Chancery Court for Houston County**
**No. 6-105    Leonard W. Martin, Judge**

**No. M2004-00028-COA-R3-CV - Filed June 13, 2005**

Wife appeals a trial court judgment finding that she is not entitled to rehabilitative alimony, back child support, a portion of the husband's "paid time off" accumulated during the marriage and attorney fees. We reverse the trial judge's ruling that the wife is not entitled to rehabilitative alimony and remand the alimony issue to the trial judge to conduct a hearing to ascertain her need for rehabilitation and the husband's ability to pay. We affirm on all other issues.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part, Reversed in Part and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and HERSCHEL P. FRANKS, P.J., joined.

Clifford K. McGown, Jr., Waverly, Tennessee, for the appellant, Jennifer Rebecca Spurgeon.

Jennifer Davis Roberts, Dickson, Tennessee, for the appellee, Kevin Brooks Spurgeon.

### OPINION

Kevin and Jennifer Spurgeon were married on June 22, 1991 and had two children during the course of the marriage. Both parties graduated from high school and Mrs. Spurgeon began taking college courses toward an education degree. Mrs. Spurgeon quit college after the first semester in order to care for the parties' nine-month-old baby. Throughout the course of the marriage, Mr. Spurgeon was employed by Nissan while Mrs. Spurgeon's primary role was to take care of their children. Mrs. Spurgeon did, however, engage in some work outside the home including a daycare center at the time of the separation. The parties separated in November of 2002 and the complaint for divorce was filed by Mrs. Spurgeon on April 17, 2003. A pendente lite hearing was held in May of 2003 and the final divorce decree was entered November 13, 2003.

The issues presented are whether Mrs. Spurgeon should be awarded rehabilitative alimony, retroactive child support, a portion of Mr. Spurgeon's accumulated "paid time off" and attorney fees.

## STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is *de novo* and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). Where the trial court does not make findings of fact there is no presumption of correctness, in which event we may conduct our own independent review of the record to determine where the preponderance of the evidence lies. *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). Issues of law are reviewed *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## REHABILITATIVE ALIMONY

Tenn. Code Ann. § 36-5-101 expresses a clear preference for rehabilitative alimony awards for economically disadvantaged spouses where rehabilitation is feasible. Tenn. Code Ann. § 36-5-101(d)(1); *Crabtree v. Crabtree*, 16 S.W.3d 356, 358 (Tenn. 2000). The purpose of rehabilitative alimony is to allow the disadvantaged spouse to acquire skills, training or education to enable him or her to be self-sufficient. *Burlew v. Burlew*, 40 S.W.3d 465, 470 (Tenn. 2001); *Anderton v. Anderton*, 988 S.W.2d 675, 682 (Tenn. Ct. App. 1998).

Whether alimony is appropriate is dependent on the facts and circumstances of each case. *Sullivan v. Sullivan*, 107 S.W. 3d 507, 510 (Tenn. App. Ct. 2002). In making an award of alimony, the court must balance several statutory factors. Tenn. Code Ann. § 36-5-101(d)(1). These factors include, but are not limited to, the relative earning capacity, obligations, needs, and financial resources of each party; the relative education and training of the parties; the ability and opportunity of each party to secure education and training; and the need for further education and training. *Id.*

Mrs. Spurgeon earns approximately $14,000 a year working at a day care center in comparison to $60,000 a year he earns. Thus, she is economically disadvantaged in relation to Mr. Spurgeon. She was only seventeen (17) years old when they married and they began a family soon after their marriage. Mrs. Spurgeon was primarily responsible for the care of the children throughout the marriage.

She is currently working with children in a day care center and seeks to improve herself by obtaining a degree in education which would provide employment opportunities for which she would be compensated in an amount between $25,000 and $35,000 per year. The record establishes the fact that Mrs. Spurgeon desires to and is capable of attending school, obtaining a degree and working as a teacher. In light of these facts, we hold Mrs. Spurgeon's desire to become a kindergarten teacher

allowing her to be more financially self-sufficient to be feasible. Therefore, we find she is a proper candidate for rehabilitative alimony. *See Crabtree*, 16 S.W.3d at 360 (holding rehabilitative alimony appropriate where the disadvantaged spouse can be economically rehabilitated.) Accordingly, we reverse the judgment of the trial court to the extent Mrs. Spurgeon was denied rehabilitative alimony.

Mr. Spurgeon's ability to pay and Mrs. Spurgeon's needs, which are essential elements when determining alimony, have not been established. *See Loria v. Loria*, 952 S.W.2d 836, 838 (Tenn. Ct. App. 1997) and *Sullivan*, 107 S.W. 3d at 510. Moreover, the record does not contain sufficient evidence for this court to make such determinations or to establish the period of time necessary for Mrs. Spurgeon to become self-sufficient. Therefore, we remand the issue of alimony to the trial court to ascertain her needs for rehabilitation and his ability to pay and for the trial court to set rehabilitative alimony for an appropriate period of time.

### DIVISION OF ASSETS

Mrs. Spurgeon contends that she is entitled to a portion of Mr. Spurgeon's "paid time off" accumulated during the marriage in addition to other marital assets she was awarded by the trial court. The trial court made a division of assets following a full evidentiary hearing. An equitable division of assets is to be based upon the evidence and relevant factors set forth in Tenn Code Ann. § 36-4-121(c). We presume the trial court considered those factors and made an equitable division of marital assets. *Jolly v. Jolly*, 130 S.W.3d 783, 785-786 (Tenn. 2004). Mrs. Spurgeon, however, requests that we second guess the trial court's decision without providing an account of all the marital property for our review, as required by Tenn. Ct. App. R. 7. *See also Bean v. Bean,* 40 S.W.3d 52, 54-55 (Tenn. Ct. App. 2000). In evaluating a trial court's division of marital assets, we must consider more than the isolated asset at issue. *Watters v. Watters,* 959 S.W.2d 585, 591 (Tenn. Ct. App. 1997). Thus, this court would need the entire record concerning the distribution of marital property to review the trial court's division of assets. *Id.* Mrs. Spurgeon failed to provide that information to this court. Therefore, we will not disturb the judgment of the trial court on this issue and affirm the trial court's division of marital assets.

### BACK CHILD SUPPORT

Mrs. Spurgeon also contends that the trial court should have awarded back child support from the time of separation to the date of the initial pendente lite hearing when temporary support was fixed. Tenn. R. App. P. 24(c) requires that when there is no transcript, the appellant must prepare a statement of the evidence and submit it to the trial court. In this case, there is no transcript of what was presented at the pendente lite hearing. The burden was on Mrs. Spurgeon to produce a transcript or statement of the proceedings. *J.C. Bradford & Co. v. Martin Constr. Co.,* 576 S.W.2d 586, 587 (Tenn. 1979). She failed to satisfy this requirement and therefore there is no evidence to support her contention that the trial judge erred. Accordingly, we affirm on the issue of child support.

## ATTORNEY FEES

As her final issue, Mrs. Spurgeon contends that she should have been awarded her attorney fees. The question of whether to award attorney fees is within the discretion of the trial court. *Eldridge v. Eldridge*, 137 S.W.3d 1, 25 (Tenn. Ct. App. 2002). We will not disturb the trial court's decision on attorney fees unless there is an abuse of discretion. *Id.* Mrs. Spurgeon has failed to provide sufficient evidence to support a finding of abuse of discretion by the trial court. Moreover, she has failed to convince us that she is entitled to recover her attorney fees on appeal. Accordingly, we affirm on the issue of attorney fees incurred in the trial court and deny her request for attorney fees incurred on appeal.

## IN CONCLUSION

The judgment of the trial court as to attorneys' fees, back child support and the division of assets is affirmed. The determination on rehabilitative alimony is reversed and remanded for further proceedings consistent with this opinion. The costs of appeal are assessed against the parties equally.

_____
FRANK G. CLEMENT, JR., JUDGE