IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS SEPTEMBER 28, 2007

# IN RE: ADOPTION OF D.R.T., d/o/b 12/25/93
# KEVIN DEAN TURNAGE v. MISTY RENEE MITCHELL CARR

Direct Appeal from the Chancery Court for Tipton County
No. 22, 007     Martha B. Brasfield, Chancellor

No. W2007-00116-COA-R3-PT - Filed January 28, 2008

This is a case involving the chancery court's decision not to terminate a mother's parental rights. The father and his wife petitioned the court to terminate the mother's rights and allow the wife to adopt the minor child. The court held a termination hearing to determine if the mother's rights should be terminated. In the order dismissing the petition for termination and adoption, the court found that the mother had not abandoned the child by failure to visit because her attempts to maintain contact and visit the child were thwarted by the father and his wife. As to the father and wife's contention that the mother abandoned the child by her failure to pay child support, the court found that the mother had no reason why she did not pay child support, but then found that her failure to pay did not constitute abandonment. On this appeal, we do not have a transcript of the trial proceedings. The father filed a statement of the evidence, and the mother filed an objection to the father's proposed statement of the evidence. In the mother's filed objection, she stated that the parties stipulated at trial that her failure to pay child support "was not sufficient in itself to terminate [her] parental rights." The chancery court certified its own statement of evidence, concurring with the mother's filed objection and stating that the mother's failure to pay child support was not willful because of her lack of education and inability to maintain employment. Father appeals, and we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Chancery Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Paul E. Lewis, Millington, TN, for Appellant

Frank Deslauriers, Covington, TN, for Appellee

## OPINION

### I.  FACTS & PROCEDURAL HISTORY

Misty Renee Mitchell Carr ("Appellee" or "Mother") and Kevin Dean Turnage ("Appellant" or "Father") began their relationship in Texas when mother was 16 years old, and father was 18 years old.[1] A year later, the couple had a child, D.R.T., born December 25, 1993. Mother and Father lived together with D.R.T. in Texas, but "had a very tumultuous, unsatisfactory, and sometimes violent relationship." When D.R.T. was still an infant, Father shoved Mother, while she held minor child, out of the house and into the snow. The couple later separated, and Mother was the primary caretaker of D.R.T. Father continued to be "abusive and coercive" after the separation. Father became the primary joint managing conservator of D.R.T. Father moved to Tennessee with the child, and Mother remained in Texas. Father has since remarried Monica Lee Turnage ("Appellant" or "Wife"). In 2000, Father and Wife attended Mother's family reunion with D.R.T. because they believed that Mother would not attend. Mother did attend the reunion, though, and Father and Wife would not allow D.R.T. to speak to Mother.

On May 7, 2004, Father and Wife petitioned the chancery court in Tipton County, Tennessee to terminate Mother's rights and allow Wife to adopt minor child. The petition alleged that Mother had abandoned D.R.T. by her failure to support and her failure to visit minor child. On September 28, 2006, the court held a termination hearing to determine if Mother's rights should be terminated. In the order dismissing the petition for termination and adoption entered on December 14, 2006,[2] the court found that Father and Wife had not met their burden of proof to establish that Mother had willfully failed to visit D.R.T. The court found that Mother had not abandoned the child by failure to visit because her attempts to maintain contact and visit with the child were thwarted by Father and Wife. Specifically, the court found that Father and Wife recorded D.R.T.'s phone calls with Mother and blocked Mother's emails to D.R.T. The court also found that Father and Wife "did not tell the truth about [Mother] to D.R.T. and, in fact, told falsehoods about [Mother]."

---

[1] We begin by noting that this Court does not have a transcript of the hearing, as neither party obtained a court reporter's services. Pursuant to the Tennessee Rules of Appellant Procedure 24(c), Appellant prepared a statement of the evidence. Appellee filed an objection to Appellant's filed statement, and the chancery court filed its own statement of evidence, concurring with the statements made in Appellee's filed objection. Thus, we recite the facts as described in the court's statement of the evidence. See Tenn. R. App. P. 24(e) ("Any differences regarding whether the record accurately discloses what occurred in the trial court shall be submitted to and settled by the trial court . . . . Absent extraordinary circumstances, the determination of the trial court is conclusive.").

[2] The court did not enter the order within 30 days of the hearing, as provided for in Tenn. Code Ann. § 36-1-113(k) (Supp. 2006). We do not address this issue, though, as Appellant failed to raise it on appeal.

As to Father and Wife's contention that Mother had abandoned the child by her failure to pay child support, the court found in the order as follows:

> The Court also finds that [Mother] failed to pay child support as ordered for the child and that the current arrearage owed is in the amount of Twenty-three thousand Two hundred Dollars ($23,200.00). [Wife] has begun paying child support . . . in the Chancery Court in the state of Texas, and *the Court finds that [Mother], by her own admission, had no reason why she did not pay the child support.* The Court further finds that the failure to pay the child support as ordered *does not constitute abandonment* and, therefore, is not grounds to terminate [Mother's] parental rights.

(emphasis added). Father and Wife timely appealed, and the chancery court filed its own statement of evidence, in relevant part, as follows:

> The Father and his wife, the Appellants, have filed an appeal and an "Appellant's Statement of the Evidence." Mother has filed "Appellee's Objection to Statement of the Evidence." The Court has read and studied both documents and the notes taken at the hearing.
> . . .
> The Court concurs in the statements made in the "Appellee's Objection to the Statement of Evidence."
> The Court considered the following testimony and evidence in determining that the Mother's parental rights should not be terminated:
> The Mother has a 10th grade education and was unemployed for two years after the Father became the Primary Joint Managing Conservator of [D.R.T.]. The Mother had a minimal ability to support herself.
> . . .
> This Court found that, based on the statements in the Appellee's Objection to the Statement of Evidence, the additional statements in this document (?) [sic], that the Mother's failure to pay child support was not willful or intentional, but due to her lack of education and her lack of ability to maintain employment. Further, her low pay made traveling from Texas to Tennessee for shared parenting time with [D.R.T.] extremely difficult.

Appellee's objection filed in response to Appellant's statement of the evidence provides, in relevant part, as follows: "The parties stipulated at trial that the failure of [Mother] to fail [sic] child support was not sufficient in itself to terminate parental rights. This matter was discretionary with the trial court."

## II. ISSUES PRESENTED

Appellant presents the following issue for review: "Did the Trial Court err in refusing to find that the Appellee had abandoned the minor child as a result of willful nonpayment of child support and lack of contact with the child?"[3] We find that the parties' stipulation is determinative, and thus we affirm.

## III. STANDARD OF REVIEW

We review a trial court's findings of fact *de novo* with a presumption of correctness. We will only overturn these factual findings if the evidence preponderates against them. Tenn. R. App. P. 13(d) (2007); *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006). The evidence preponderates against a trial court's finding of fact when it supports "another finding of fact with greater convincing effect." *Nashville Ford Tractor, Inc., v. Great American Ins. Co.,* 194 S.W.3d 415, 425 (Tenn. Ct. App. 2005); *Watson v. Watson*, 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). We give great weight to the trial court's factual findings concerning the credibility of witnesses, *Nashville Ford Tractor, Inc.,* 194 S.W.3d at 425 (citations omitted), and we will not re-evaluate these factual findings unless we find clear and convincing evidence to the contrary. *Sircy v. Metro. Gov't of Nashville and Davidson County*, 182 S.W.3d 815, 818 (Tenn. Ct. App. 2005) (citation omitted). On the other hand, we review the trial court's conclusions of law *de novo* upon the record with no presumption of correctness. *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

The rights of a biological parent are "fundamental and superior to the claims of other persons and the government[.]" *In re S.M.*, 149 S.W.3d 632, 638 (Tenn. Ct. App. 2004). They are not, however, absolute. These rights can be taken away if the parent has relinquished them, abandoned them, or engaged in conduct requiring their termination. *Id.* at 638–39 (citing *Blair v. Badenhope*, 77 S.W.3d 137, 141 (Tenn. 2002); *Stokes v. Arnold*, 27 S.W.3d 516, 520 (Tenn. Ct. App. 2000); *O'Daniel v. Messier*, 905 S.W.2d 182, 186 (Tenn. Ct. App. 1995)). "In light of the constitutional dimension of parental rights, persons seeking to terminate these rights must prove all the elements of their case by clear and convincing evidence," *In re S.M.*, 149 S.W.3d at 639 (citations omitted), and we must look to determine whether the trial court's findings are supported by a preponderance of the evidence. *In re F.R.R., III*, 193 S.W.3d at 530.

---

[3] Appellant raises the issue that the trial court erred by failing to find that Mother abandoned minor child by her lack of contact. Appellant's brief, however, does not mention this issue again, nor make any reference or any type of argument to support this contention. Thus, we will not consider the issue. *See Bean v. Bean*, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (citations omitted) ("[A]n issue is waived where it is simply raised without any argument regarding its merits.").

## IV. DISCUSSION

Abandonment based on the failure to pay child support is defined as follows:

> For a period of four (4) consecutive months immediately preceding the filing of a proceeding or pleading to terminate the parental rights of the parent(s) or guardian(s) of the child who is the subject of the petition for termination of parental rights or adoption, that the parent(s) or guardian(s) . . . have willfully failed to support or have willfully failed to make reasonable payments toward the support of the child[.]

Tenn. Code Ann. § 36-1-102(1)(A)(I). The failure to pay must be willful, meaning that the parent "is aware of his or her duty to support, has the capacity to provide the support, makes no attempt to provide support, and has no justifiable excuse for not providing the support." *In re J.J.C.*, 148 S.W.3d 919, 926 (Tenn. Ct. App. 2004) (quotation omitted).

Turning back to the present case, because the parties stipulated at trial that abandonment based on the failure to pay child support could not be a ground of termination, we find it curious that Father now argues to this Court that we "must determine if the nonpayment of support was willful[.]" Father argues that "[t]here are simply not enough findings of fact in the Court's Statement of the Evidence to support the Court's conclusions of law as to the Appellee's willfulness or lack thereof." But again, the parties stipulated that abandonment based on Mother's failure to pay was not a sufficient ground for terminaton, and thus whether there were any findings of fact concerning her willful failure to pay is irrelevant.

Even if we were to ignore the stipulation, (which we are not inclined to do), there is no clear and convincing evidence to support the termination of Mother's parental rights based on her willful failure to pay child support. The court's statement of the evidence found that her failure to pay support was "not willful or intentional, but due to her lack of education and her lack of ability to maintain employment." And as previously discussed, abandonment by failure to pay must be willful. Thus, we do we not find any inconsistency between the court's order denying the termination of Mother's parental rights and the court's statement of the evidence. Nor is there anything in the record indicating that the termination of Mother's rights would be in the best interest of the child. But as already said, the parties entered into a stipulation at trial, and we see no reason why they are not bound by it.

## V.  CONCLUSION

We affirm the trial court's decision.  Costs of the appeal are assessed against Appellant, Kevin Dean Turnage, and his surety, for which execution may issue if necessary.

_____

ALAN E. HIGHERS, P.J., W.S.