IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 8, 2015 Session

**IN RE JAIDEN W., ET AL.**

**Appeal from the Juvenile Court for Coffee County**
**No. 07J1623    Timothy R. Brock, Judge**

_____

**No. M2014-00953-COA-R3-JV – Filed April 23, 2015**

_____

This is the third appeal of this case, involving the issue of child support and arrears.  In the second appeal, this Court remanded the case to the trial court for a determination of Appellant Father and Appellee Mother's respective incomes for the period of August 22, 2008 through September 28, 2009.  Based upon Mother's testimony at the hearing on remand, the trial court set Mother's income for the relevant period at $300 per month. Father appeals, arguing that, based upon the trial court's previous finding that Mother was voluntarily unemployed, the trial court should have imputed income to Mother at the statutory rate.  Because the law of the case is that the trial court should determine the parties' actual circumstances, we conclude that the court correctly set Mother's income as the amount she actually earned.  Affirmed and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court is Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, J., and BRANDON O. GIBSON, J., joined.

Greg W., Manchester, Tennessee, Pro Se

Eric J. Burch, Manchester, Tennessee, for the appellee, Jessica J.

**OPINION**

**I. Background**

A full recitation of the relevant facts is set out in this Court's opinions in  *In re Jaiden C.W.*, No. M2010–01105–COA–R3–JV, 2011 WL 2306057 (Tenn. Ct. App. June 7, 2011) ("*Jaiden I*") and *In re Jaiden C.W.*, 420 S.W.3d 13 (Tenn. Ct. App. 2013) ("*Jaiden II*"). Appellee Jessica J. ("Mother") and Appellant Greg W. ("Father") are the

unmarried parents of two minor children, Jaiden C.W. and Caiden J.W., who were born in 2006.[1] While the parties were together, Father provided Mother $400 per month in child support. *Jaiden I*, 2011 WL 2306057, at *1. However, the parties' relationship ended in October 2007, after which time Father ceased payment of child support. *Id*. In November 2007, Father filed a petition to establish paternity of the children and for designation of primary residential parent. *Id*. Mother counter-petitioned for child support. *Id*.

In *Jaiden I*, this Court vacated the trial court's determination of Appellant Father's child support obligation because the trial court did not base its determination on Father's actual income. Upon remand, the trial court interpreted the law of the case to limit its review only to Father's income and to negate any consideration of other variables affecting child support. Because the trial court misinterpreted the law of the case to limit its review of the parties' actual circumstances, we vacated the order on child support and remanded for reconsideration in *Jaiden II*, to wit:

> The gravamen of our holding in *Jaiden I* is that the parties' actual circumstances should dictate the calculation of their respective support obligations. In the first appeal, we determined, based on the stated issue, that Father's actual income was not used to calculate his support obligation for the period August 22, 2008 to September 28, 2009. But, contrary to the trial court's interpretation, this Court said nothing about limiting the review only to Father's actual income. Rather, we clearly stated that, "[i]f the evidence at trial demonstrates developments subsequent to the entry of the temporary order undermine its calculation, the court should modify the award to reflect the parties' actual circumstances." The mandate, then, was for the trial court to determine the parties' actual circumstances, within the parameters set in the opinion. For example, in *Jaiden I*, this Court specifically affirmed the imputation of income to Mother from October 1, 2007 until August 22, 2008. Accordingly, on remand, the trial court, under the law of the case doctrine, would be precluded from revisiting that specific question. Likewise, under our holding in *Jaiden I*, the trial court is precluded from revisiting the issue of attorney's fees.
>
> In addition, *Jaiden I* only addresses child support obligations and arrears arising on or after August 22, 2008. In this regard, *Jaiden I* gave the trial court a specific mandate to consider Father's actual income only from August 22, 2008 going forward. However, contrary to the trial court's interpretation, this Court did not otherwise limit the trial court's review on remand concerning its consideration of factors and variables that may have

---

[1] It is the policy of this Court to use only the first name and last initial and, in some cases, just the initials of the parties involved in juvenile court actions to protect the privacy of the children involved.

changed since the August 22, 2008 date. In fact, in ***Jaiden I***, we cited extensively from the case of ***Richardson v. Spanos***, 189 S.W.3d 720 (Tenn. Ct. App. 2005), for the proposition that the trial court retains discretion in determining support obligations. ***Jaiden I***, 2011 WL 2306057, at * 1-*2. Again, the gravamen of our holding in ***Jaiden I*** is that, in exercising its discretion, the trial court should endeavor to ascertain and give effect to the parties' actual circumstances, which will necessarily change over the course of time, e.g., people remarry, have more children, insurance premiums rise and fall, and child care needs change. Accordingly, it was not this Court's intention to limit the court's discretion or its ability to review all relevant variables that may have arisen or changed from August 22, 2008 until the date of the hearing on remand. Rather, our opinion was intended to encourage the trial court to ascertain the parties' actual circumstances and to calculate the support obligations in accordance with their respective realities. Upon remand, the court should not limit its review, but should allow evidence, from both sides, concerning changes in circumstances and other relevant variables, from August 22, 2008 until the date of the hearing, in an effort to ground its calculation of child support and any arrearage thereon on the totality of the actual circumstances that exist, which is the only way to reach a just result.

***Jaiden II***, 420 S.W.3d at 21-22.

On remand from this Court, on December 9, 2013, the trial court held a hearing on the question of the respective child support obligations of the parties during the relevant time period, August 22, 2008 through September 28, 2009.[2] At the hearing, Mother testified that she gave birth to a second set of twins, who are not at issue in this appeal, on July 21, 2009. She stated that, during the relevant time period, she was a stay-at-home mom and that her sole income was from selling Avon from her home. As a sales representative for Avon, Mother testified that she made approximately $300 per month. At the close of the hearing, the trial court stated that

based on the proof today, I find that [Mother's] income for the entire period of time is $300. The additional testimony, which was not offered before, was that she had a high-risk pregnancy [with the second set of twins] and was under work restrictions . . . .

The trial court entered an order on March 6, 2014, in which it held, in relevant part, that:

---

[2] We note that, although Father was represented by counsel at the December 9, 2013 hearing, he is proceeding pro se in this appeal.

5.   From August 22, 2008 until March 12, 2009, [Mother] shall receive credit for 259 days with the children and [Father] shall receive credit for 106 days with the minor children.

6.  From March 13, 2009 until September 28, 2009, [Mother] shall receive credit for 209 days with the minor children and [Father] shall receive credit for 156 days with the minor children.

8.  [Mother's] income for the entire period of time shall be set at $300 per month.

## II. Issues

Father appeals. The sole issue for review is whether the trial court erred in setting Mother's income, for the relevant time period of August 22, 2008 through September 28, 2009, at $300 per month.  In the posture of Appellee, Mother requests an award of attorney's fees and costs for the appeal.

## III. Standard of Review

The gravamen of Father's issue is whether the trial court misapplied the law of the case or otherwise erred in setting Mother's income at $300 per month.  Specifically, Father contends that, because the trial court previously imputed income to Mother of $2,450 per month, for the period of October 1, 2007 until August 22, 2008, and because there was allegedly sufficient evidence at the hearing to conclude that she continued to be voluntarily unemployed from August 22, 2008 through September 28, 2009, the trial court should have imputed income to Mother at the statutory rate of $29,300.00 per year.

As discussed in *Jaiden II*:

The law of the case doctrine in Tennessee has been clearly established:

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

4

*Creech v. Addington*, 281 S.W.3d 363, 383 (Tenn. 2009) (citing *Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd.*, 975 S.W.2d 303, 306 (Tenn. 1998)). As explained in *Memphis Publishing*, the doctrine is not constitutionally mandated, nor is it a limitation on the court's power, but "it is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited." *Id.* (citing *Ladd by Ladd v. Honda Motor Co., Ltd.*, 939 S.W.2d 83, 90 (Tenn. Ct. App. 1996) (citations omitted)). The purpose of the rule is to promote "the finality and efficiency of the judicial process, avoid [ ] indefinite relitigation of the same issue, foster [ ] consistent results in the same litigation, and assure[ ] the obedience of trial courts to the decisions of appellate courts." *Id.* The exceptions to the law of the case doctrine are limited and a reconsideration of an issue is permitted only if: (1) the evidence produced on remand is substantially different than the evidence produced at the initial proceeding; (2) the earlier findings of law are "clearly erroneous and would result in manifest injustice if allowed to stand"; (3) the prior ruling is "contrary to a change in controlling law that occurred between the first and second appeal." *Memphis Publ'g Co.*, 975 S.W.2d at 306.

*Jaiden II*, 420 S.W.3d at 21.

In addition to reviewing the question of whether the trial court adhered to the law of the case, we further note that the issue of Mother's income was tried by the court, sitting without a jury. As such, we review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *4215 Harding Road Homeowners Ass'n v. Harris*, 354 S.W.3d 296, 305 (Tenn. Ct. App. 2011); *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000).

## IV. Analysis

### A. Law of the Case and the Trial Court's Findings

As set out in full context above, in *Jaiden II* we reiterated our holding in *Jaiden I* that "the mandate . . . was for the trial court to determine the parties' actual circumstances" in determining the support obligation for the period of August 22, 2008 to September 28, 2009. Concerning Father's argument that the trial court should have imputed income to Mother for the relevant period, in *Jaiden II*, we noted that "in *Jaiden I*, this Court

5

specifically affirmed the imputation of income to Mother from October 1, 2007 until August 22, 2008" and that, under the law of the case, the trial court "would be precluded from revisiting that specific question [i.e., imputation of income to Mother for the period up to August 22, 2008]." In other words, the fact that the trial court imputed income to Mother for the period before August 22, 2008 had no bearing on its calculation of her income during the time period at issue in this appeal, i.e., August 22, 2008 until September 28, 2009. In *Jaiden II*, we clearly stated that, in determining the income for this time period, the court should determine the parties' "actual circumstances." This is the law of the case.

On remand, it appears that the trial court correctly applied the law of the case by determining Mother's actual circumstances. Mother's testimony that she earned approximately $300 per month by selling Avon products was not disputed. However, on cross examination, Father's lawyer was given the opportunity to establish that Mother was voluntarily unemployed. To this end, Father's lawyer asked Mother about previous employment, skills, and education. The uncontroverted testimony, however, was that, during the relevant period of time, Mother had a high-risk pregnancy, which necessitated medical restrictions on her ability to work. After the second set of twins was born on July 21, 2009, Mother was caring for four children under the age of three. She testified that her research indicated that child care for the four children would cost more than what she could earn given her education and experience. From this testimony, the trial court declined to hold that Mother was voluntarily unemployed during the relevant time period. From our review, the evidence does not preponderate against this finding, nor does it preponderate against the trial court's determination that Mother's actual income was $300 per month.

## B. Attorney's Fees

Mother requests an award of her attorney's fees and costs incurred in defending this appeal. In her appellate brief, Mother states that Father's appeal is frivolous in that he asserts that "this Court should impute almost $30,000 per year in income to a single mother raising four children ages three and under."

An award of appellate attorney's fees is a matter within this Court's sound discretion. *Archer v. Archer*, 907 S.W.2d 412, 419 (Tenn. Ct. App. 1995). In considering a request for attorney's fees on appeal, we consider the requesting party's ability to pay such fees, the requesting party's success on appeal, whether the appeal was taken in good faith, and any other equitable factors relevant in a given case. *Darvarmanesh v. Gharachoulou*, No. M2004-00262-COA-R3-CV, 2005 WL 1684050, at *16 (Tenn. Ct. App. July 19, 2005). As noted above, the trial court clearly applied the law of the case as set out in *Jaiden II* by determining Mother's actual income for the relevant time period.

Nonetheless, Father has placed Mother in the position of having to defend a third appeal. It is also clear that Mother is not in a financial position to bear the burden of these expenses. In light of the foregoing facts, we conclude that Mother is entitled to her attorney's fees and costs in defense of this appeal. Accordingly, we remand the case for the sole purpose of calculation of the reasonable amount of those fees and entry of judgment in favor of Mother in that amount.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for further proceedings consistent with this opinion and, specifically, for calculation of Mother's reasonable attorney's fees and costs for the appeal. Costs of the appeal are assessed against Appellant, Greg W. and his surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE