IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 1, 2019

**TREVOR MILLMEYER v. BRIDGET WHITTEN**

**Appeal from the Juvenile Court for McNairy County**
**No. 2014-JV-54     Van McMahan, Judge**

_____

**No. W2019-00586-COA-R3-JV**

_____

Appellant/Father appeals the trial court's denial of his petition to change the surnames of his minor children. The trial court held that Appellant failed to meet his burden to show that changing the children's names is in their best interests. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court**
**Affirmed and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which THOMAS R. FRIERSON, II and W. NEAL MCBRAYER, JJ., joined.

George D. Norton, Jr., Selmer, Tennessee, for the appellant, Trevor Millmeyer.

G.W. Sherod, III, Henderson, Tennessee, for the appellee, Bridget Whitten.

**OPINION**

**I. Background**

Trevor Millmeyer ("Appellant" or "Father") and Bridget Whitten ("Mother") are the parents of twin minor children born in 2012. Mother and Father were not married at the time. On October 7, 2014, Father filed a petition to establish parentage and to set visitation and child support. Father's petition also asked the trial court to change the children's surnames to his surname.

The parties were able to agree on parentage, visitation, and child support. However, the parties disputed whether the children's surnames should be changed, and this question proceeded to hearing on March 13, 2018. On April 24, 2018, the juvenile court issued a letter ruling, wherein it outlined Father's proof and opined that he had not

met his burden to show that the requested name change was in the children's best interests. On March 28, 2019, the trial court entered an order denying the name change. Father appeals.

## II. Issues

The sole issue for review is whether the trial court erred in finding that Father failed to meet his burden to prove that changing the children's surname is in their best interests.

## III. Standard of Review

This case was tried by the court sitting without a jury. As such, we will not overturn the trial court's factual findings unless the evidence preponderates against them. Tenn. R. App. P. 13(d) (2008); *Bogan v. Bogan,* 60 S.W.3d 721, 727 (Tenn. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Watson v. Watson,* 196 S.W.3d 695, 701 (Tenn. Ct. App. 2005) (citing *Walker v. Sidney Gilreath & Assocs.,* 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.,* 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999)). We review a trial court's conclusions of law *de novo* with no presumption of correctness. *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.,* 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

## IV. Analysis

Tennessee Code Annotated section 68-3-305(b)(1) provides, in relevant part, that "[i]f the mother was not married at the time of . . . birth, . . . the surname of the child shall be that of . . . the surname of the mother . . . ." Tenn. Code Ann. § 68-3-305(b)(1); *see also* ***Sullivan v. Brooks***, No. M2009-02510-COA-R3-JV, 2011 WL 2015516, at *3 (Tenn. Ct. App. May 23, 2011) ("The General Assembly has established the policy in this state that a child of unmarried parents bears the surname of its mother, absent agreement to another name.")

In ***Barabas v. Rogers***, 868 S.W.2d 283 (Tenn. Ct. App. 1993), this Court explained the criteria and burden of proof required in order to justify changing a child's name, to-wit:

> The courts should not change a child's surname unless the change promotes the child's best interests. Among the criteria for determining whether changing a child's surname will be in the child's best interests are: (1) the child's preference, (2) the change's potential effect on the child's relationship with each parent[,] (3) the length of time the child has had its

- 2 -

present surname, (4) the degree of community respect associated with the present and proposed surname, and (5) the difficulty, harassment, or embarrassment that the child may experience from bearing either its present or its proposed surname. The parent seeking to change the child's surname has the burden of proving that the change will further the child's best interests.

*Barabas*, 868 S.W.2d at 287 (citations omitted). A recognized biological father seeking to change a child's surname has the burden of proving that changing the child's surname is in the child's best interest. *Brown v. Baird*, No. 01A01-9704-JV-00148, 1997 WL 638278, at *1 (Tenn. Ct. App. Oct. 17, 1997). Furthermore, "[t]he amount of proof required to justify the change is 'not insubstantial.'" *In re A.C.S.*, No. M2008-898-COA-R3-JV, 2009 WL 348510, at *3 (Tenn. Ct. App. Feb. 12, 2009) (quoting *Brown*, 1997 WL 638278, at *1). A parent's preference that a child's surname be changed is not sufficient to justify such relief, and such preference is not evidence that a name change is in the child's best interest. *Whited v. Fleenor,* No. E2002-01185-COA-R3-JV, 2003 WL 1092968, at *2-3 (Tenn. Ct. App. Mar. 13, 2003).

In concluding that Father did not meet his burden to show that changing the children's names is in their best interests, the trial court found, in pertinent part, that:

In this case Mr. Millmeyer stated several reasons for why he believed the children's names should be changed to Millmeyer. Mr. Millmeyer said the name should be changed because: 1) the children are young and now is the time to do so; 2) he was at the hospital when the children (twins) were born and he has for the most part been involved in their lives; 3) he has another child at his home with his last name and it will be embarrassing or confusing for the children at issue to have a different last name; 4) he believes the children will suffer from embarrassment because they have a different name as his for things like ballgames and other events when their last name will be called out; 5) that doing so would improve the children's relationship with him; 6) it is tradition in this area for the children to have the father's last name.

It is important to note that Mr. Millmeyer has the burden of proof in this case to demonstrate it is in the children's best interest for their name to be changed to Millmeyer. In applying the factors in Barabas, the court does not find that this burden of proof has been met. Factor one: there was no testimony concerning the children's preference. Mr. Millmeyer testified that he didn't know the children's preference. Factor two: while Mr. Millmeyer testified that he believes a name change will foster his relationship with the children, there was no specific evidence of such introduced at trial. Factor three: the length of time the children have had

their present name of Whitten weighs slightly in favor of the name remaining Whitten. The children are young but have already started school and are accustomed to their name being Whitten, same as their mother. Factor four: this factor didn't weigh in favor of changing or not changing the name. Father testified that mother's name does not have a negative reputation in the community. Factor five: while Mr. Millmeyer testified the children will be embarrassed if their name is not changed to Millmeyer, there was again no specific evidence proving such. Mr. Millmeyer testified that the children would be embarrassed at events such as ballgames and other school events if their names were not Millmeyer. However, there was no evidence that this would likely be the case. It is just as likely for the children to be embarrassed if their name is not the [same] last name as their mother.

On appeal, Father contends that Tennessee Code Annotated section 68-3-305(c) mandates that the children's surnames be changed based on the trial court's order establishing Appellant's paternity. This statute provides, "In any case in which paternity of a child is determined by a court of competent jurisdiction, the name of the father and surname of the child shall be entered on the certificate of birth in accordance with the finding and order of the court." Tenn. Code Ann. § 68-3-305(c). Contrary to Father's argument, Tennessee courts have not interpreted Tennessee Code Annotated section 68-3-305(c) to require that the child's surname be changed to the father's surname on establishing paternity. Rather, in interpreting section (c) of 68-3-305, *in pari materia* with the other provisions of the statute, this Court has explained:

> The birth certificate of a child born to married parents must show that the child's surname is that of its biological father unless both parents request another name. Tenn. Code Ann. § 68-3-305(a). On the other hand, the birth certificate of a child born to an unmarried mother must reflect that the child's surname is that of the mother unless both parents have requested otherwise. Tenn. Code Ann. § 68-3-305(b)(1).

> Later legitimation or paternity proceedings do not necessary[sic] result in changing the nonmarital child's surname appearing on its birth certificate. The child's name is not automatically changed if its parents marry later. Tenn. Code Ann. § 36-2-207 (1991). Likewise, a nonmarital child's surname is not changed following a paternity or legitimation proceeding unless the court orders that the name be changed. Tenn. Code Ann. §§ 36-2-208, 36-2-206(b), 68-3-305(c); *see also* Tenn. Comp. R. & Regs. R. 1200-7-1-.04(3)-(5) (1989).

> The courts should not change a child's surname unless the change promotes the child's best interests. *Halloran v. Kostka,* 778 S.W.2d 454, 456 (Tenn.

Ct. App. 1988); *see also **In re Marriage of Schiffman**,* 169 Cal. Rptr. 918, 921, 620 P.2d 579, 582 (1980); ***In re Cardinal**,* 611 A.2d at 517; Kristine C. Karnezis, Annotation, *Rights and Remedies of Parents Inter Se With Respect to the Name of Their Children,* 92 A.L.R. 3d 66 § 8.5 (Supp. 1992)

***Barabas**,* 868 S.W.2d at 287. Accordingly, although Father's paternity has been established, he still has the burden to show that changing the children's surnames is in their best interests, and Tennessee Code Annotated section 68-3-305(c) does not relieve him of that burden.

Father next contends that, contrary to the trial court's holding, the proof at trial established that a name change is in the children's best interests. We note that the appellate record does not contain a transcript of the hearing. Rather, Father has provided a Tennessee Rules of Appellate Procedure Rule 24(c) statement of the evidence, which states, in relevant part:

> Father testified that he filed the Petition to Establish Parentage very early in the children's life. Father was present at the hospital when the children were born and has been actively involved in the children's lives. Father also testified that he has another child with his Wife that bears his last name and is a sibling to the minor children at issue in this case. Father testified that this to[sic] not change the children's last names would be embarrassing and confusing for them as they get older and are around his other child. For instance, this could cause confusion and embarrassment for the children at ballgames and other events when their last names would be called out or used. Father also testified that having his last name would be important for his children's development and to foster a close relationship with him and their siblings and that it is tradition in the area for children to bear the last name of their father. Father also testified that his surname had a great degree of respect in the community. Father was concerned that his children would not have his last name as his youngest child has. Father believed this would lead to a confusion for the twins and might hamper their close relationship with him. Father believed that the children were still young enough that changing their last name to his would have a positive effect in their life and would not cause any detriment in doing so. Mother testified that her surname was respected as well and that the children had began[sic] school. Father responded by testifying that he sought their name changed to his long before the children began school.

As set out in context above, the trial court's ruling clearly shows that it considered all of the foregoing evidence in reaching its decision to deny the name change. Specifically, in its letter ruling, the trial court weighed the foregoing evidence against the relevant ***Barabas*** factors in reaching its findings that: (1) the children "are accustomed to

their name being Whitten;" (2) there was no specific evidence showing that the children will be embarrassed if their name is not changed; and (3) "[i]t is just as likely for the children to be embarrassed if their name is not the [same] last name as their mother."

The instant case is factually similar to *In re A.C.S.*, No. M2008-898-COA-R3-JV, 2009 WL 348510, at \*1 (Tenn. Ct. App. Feb. 12, 2009). In that case, this Court reversed the trial court's holding that father met his burden to show that changing the children's surnames was in their best interests. In so holding, we stated:

> Upon a careful review of the evidence in the case at bar, there appears no proof that a change of the child's surname will effect a change in the child's relationship with either parent. The evidence supports a determination that neither the surname of Mother or of Father maintains a higher degree of respect than the other within the community of the child's residence. The Father has not shown that using the Father's surname will be any more beneficial to the child than using the surname of Mother. Inasmuch, Father has failed to demonstrate that the child will encounter difficulties or be subject to harassment or embarrassment if the surname remains that of Mother.

*Id.* at \*3. The same is true here. From the record, we cannot conclude that the evidence preponderates against the trial court's findings or against its ultimate conclusion that Father failed to meet his burden to show that a name change is in the children's best interests.

## V. Conclusion

For the foregoing reasons, we affirm the trial court's order. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are assessed to the Appellant, Trevor Millmeyer, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE