# IN THE SUPREME COURT OF TENNESSEE
## AT NASHVILLE
June 8, 2005 Session

## SUNIL KAWATRA v. NEELAM MANTRI KAWATRA

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Sumner County**
**No. 99D-343      Tom E. Gray, Chancellor**

---

**No. M2003-01855-SC-R11-CV - Filed December 7, 2005**

---

This case involves a petition to relocate pursuant to Tennessee Code Annotated section 36-6-108 (2001). To determine whether the parties in a relocation case are spending substantially equal intervals of time with their child, the "time actually spent" with each parent should be computed in units of a day. The number of days to be credited to each parent should be based upon an examination of the residential schedule, additional time not reflected in the residential schedule, and adjustments for any violations to the residential schedule. To allocate a day for which both parents claim credit, the trial court should examine the hours that each parent actually spent with the child on that day, the activities in which each parent participated with the child, the resources that each parent expended on the child's behalf, and any other factor that the trial court considers to be relevant. After careful consideration of the record, we conclude that the parties were not spending substantially equal intervals of time with the child. Because the mother was spending a greater amount of time with the child, she should be permitted to relocate with the child pursuant to Tennessee Code Annotated section 36-6-108(d) (2001). Accordingly, the judgment of the Court of Appeals is affirmed as modified, and the case is remanded to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Court of Appeals Affirmed as Modified; Remanded to the Trial Court**

JANICE M. HOLDER, J., delivered the opinion of the court, in which WILLIAM M. BARKER, C.J., and E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JJ., and FRANK F. DROWOTA, III, Sp.J., joined.

Robert G. Ingrum, Gallatin, Tennessee, for the Appellant, Sunil Kawatra.

Alan Dale Johnson, Alfred H. Knight, Mary Arline Evans, and Tyree Bryson Harris IV, Nashville, Tennessee, for the Appellee, Neelam Mantri Kawatra.

**OPINION**

On April 19, 2001, Neelam Mantri Kawatra ("Mrs. Kawatra") and Sunil Kawatra ("Mr. Kawatra") were divorced by the trial court's final decree. The parties' marital dissolution agreement ("MDA"), which was incorporated into the court's decree, provided for joint custody of the parties' then seven-year-old daughter. Mrs. Kawatra was designated the child's primary residential custodian.

Pursuant to the MDA, Mr. Kawatra was granted visitation on alternate weekends, every Wednesday afternoon until Thursday morning from September until May, six weeks in the summer, and every Father's Day. The MDA further provided that the parties would alternate visitation for holidays. A subsequent order provided that the parties would alternate visitation during the child's spring break from school.

On February 18, 2003, Mr. Kawatra received a letter from Mrs. Kawatra stating that she had remarried and planned to relocate to California with the parties' child. Mr. Kawatra filed a petition in the trial court seeking to prevent the relocation. Following a hearing on June 19, 2003, the trial court applied Tennessee Code Annotated section 36-6-108 (2001), the parental relocation statute, and found that the parties were spending substantially equal intervals of time with the child. The trial court conducted a best interest analysis and concluded that Mrs. Kawatra could not relocate with the child.

The Court of Appeals reversed the trial court's judgment. The intermediate appellate court concluded that the parties did not spend substantially equal intervals of time with the child and that Mrs. Kawatra should be permitted to relocate with the child. We granted review.

**ANALYSIS**

In 1998, our state legislature enacted Tennessee Code Annotated section 36-6-108, which applies when a parent seeks to relocate outside the state or more than 100 miles away from the other parent residing within the state. See Tenn. Code Ann. § 36-6-108(a) (2001). The statute requires the trial court to determine whether the parents are "actually spending substantially equal intervals of time with the child." Id. at (c), (d). If the parents are spending substantially equal intervals of time with the child, section 36-6-108(c) provides that "[n]o presumption in favor of or against the request to relocate with the child shall arise." Instead, the court must determine whether relocation of the child is in the child's best interests. Id. at (c).

The approach differs if the parents are "not actually spending substantially equal intervals of time with the child." If the parent spending the greater amount of time with the child seeks to relocate with the child, the court shall permit the relocation unless it finds that: 1) the relocation fails to have a reasonable purpose; 2) the relocation poses a threat of "specific and serious harm" to the child that outweighs the threat of harm that a change of custody would pose to the child; or 3) the

parent has a vindictive motive for relocating. Id. at (d)(1)-(3). If one or more of these grounds exist, the court shall determine whether relocation is in the child's best interests. Id. at (e).

To determine whether the parties spent substantially equal intervals of time with the child, the trial court calculated the number of hours that each party spent with the child in the year preceding the hearing. The trial court examined the 8,760 hours between June 1, 2002, and May 31, 2003, and found that Mr. Kawatra spent 3,136 hours with the child. According to these calculations, Mr. Kawatra had the child 35.775% of the time while Mrs. Kawatra had the child 64.201% of the time.

The trial court, however, reasoned that "justice requires consideration of the time that the parents actually spend with the child or the time that the parent provides direct care rather than simply right of possession." As a result, the court deducted the 1,187 hours that the child was in school from its previous calculation of 8,760 hours, resulting in 7,573 hours. The trial court found that the child was under Mr. Kawatra's direct care for 3,136 hours, or 41.41% of the time, and that Mrs. Kawatra provided direct care for 58.59% of the time. Based upon this calculation, the trial court concluded that the parties were spending substantially equal amounts of time with the child. The trial court therefore applied Tennessee Code Annotated section 36-6-108(c), conducted a best interest analysis in accordance with this subsection, and held that Mrs. Kawatra could not relocate with the child to California.

The Court of Appeals held that the trial court erred in excluding the hours that the child spent in school from its calculation of the "total time spent" under Tennessee Code Annotated section 36-6-108. The intermediate appellate court found that even if it accepted Mr. Kawatra's calculation of 3,159 hours as asserted in his appellate brief rather than the trial court's calculation of 3,136 hours, he was spending 36% of the total 8,760 hours in a year with the child. The Court of Appeals concluded that the parties were not spending substantially equal intervals of time with their child, applied Tennessee Code Annotated 36-6-108(d), and permitted Mrs. Kawatra to relocate with the child.

We observe that Tennessee Code Annotated section 36-6-108 does not define what constitutes "actually spending substantially equal intervals of time." We conclude, however, that the time that the parties' child was attending school should not be used to reduce the total number of hours available for computation. The responsibilities of a parent do not end when a child is asleep, at school or day care, or otherwise outside of the parent's presence. Furthermore, the use of hours as the sole basis for computing the time that each parent spent with the child does not provide the trial court with the flexibility needed to consider the circumstances of each case. Rather, the "time actually spent" with each parent should be computed in units of a day. See also Tenn. Comp. R. & Regs. 1240-2-4-.02(10) (2005) (adopting a definition of "day" under the Child Support Guidelines).

To determine the number of days to credit to each parent for purposes of Tennessee Code Annotated section 36-6-108(c) and (d), the trial court should first examine the provisions of the

residential schedule.[1]  The trial court should then consider additional time each parent spent with the child that is not reflected in the residential schedule.  If either parent violated the terms of the residential schedule by interfering with the other parent's time with the child, the  trial court should make any necessary adjustments to reflect the time that the child should have been in the care of the other parent.  To allocate a day to one parent when both parents claim credit for that day, the trial court should examine 1) the hours each parent actually spent with the child on that day; 2) the activities in which each parent engaged with the child; 3) the resources the parent expended on the child's behalf during that time period, including the costs of a meal or any other costs directly related to that parent's care and supervision of the child;[2] and 4) any other factor that the trial court deems relevant.

After computing the number of days allocated to each parent, the trial court must determine the number of months to use in comparing the time that each parent spent with the child.  The use of a short comparison period may exaggerate the difference in the amount of time that each parent is spending with the child.  We therefore conclude that, when circumstances permit, the comparison period should be the twelve consecutive months immediately preceding the relocation hearing.

Our review of the record, the visitation orders, the child's schedule for the 2002-2003 school year, and a calendar dating from June 1, 2002, to May 31, 2003, supports the parties' stipulation[3] that 138 days should be credited to Mr. Kawatra.  Based upon this stipulation, we conclude that Mr. Kawatra spent 37.8% of the time with the child during the twelve-month period preceding the relocation hearing while Mrs. Kawatra spent 62.2% of the time with the child.  These percentages do not permit us to conclude that the parties spent substantially equal intervals of time with the child. We must therefore look to Tennessee Code Annotated section 36-6-108(d) to determine whether Mrs. Kawatra should be permitted to relocate with the child.

The trial court found that if subsection (d) applied, Mrs. Kawatra's relocation had a reasonable purpose, that the evidence did not demonstrate that relocation would result in specific and serious harm to the child, and that Mrs. Kawatra's motive for relocating was not vindictive.  See Tenn. Code Ann. § 36-6-108(d)(1)-(3).  On appeal, Mr. Kawatra does not contest the trial court's findings.  Based upon these undisputed findings, we hold that Mrs. Kawatra shall be permitted to relocate to California with the parties' child.

---

[1] For simplicity, we refer to the "residential schedule" as it is the term used in the current parenting plan statutes. See Tenn. Code Ann. § 36-6-402(5) (2001) (defining the "[r]esidential schedule" in a parenting plan as "the schedule of when the child is in each parent's physical care").  We recognize that issues of relocation may arise involving visitation or custody orders that were entered prior to the enactment of the parenting plan statutes.  Our reference to the residential schedule is not intended to exclude such orders from this opinion.

[2] We note that a similar definition of "resources" appears in the current Child Support Guidelines.  See Tenn. Comp. R. & Regs. 1240-2-4-.02(10) (2005).

[3] The trial court erroneously stated that the parties stipulated to an additional twenty days to be credited to Mr. Kawatra.  The record is clear that Mrs. Kawatra refused to stipulate to the twenty additional days, and our review of the record discloses no other basis for this allocation.

While our decision favors Mrs. Kawatra, it does not reflect in any way on the parenting skills of either Mrs. Kawatra or Mr. Kawatra. The record reflects that both parties are good parents and love their child dearly. The record also indicates that Mr. Kawatra, as the non-custodial parent, has maintained an active role in the child's life and thoroughly enjoys spending time with the child. Furthermore, the evidence does not suggest that the child is safer, happier, or healthier with one parent rather than with the other. Tennessee Code Annotated section 36-6-108(d), however, requires us to permit Mrs. Kawatra to relocate to California with the child because she spends a substantially greater amount of time with the child, the relocation has a reasonable purpose and would not result in specific and serious harm to the child, and her motive for relocating is not vindictive.

## CONCLUSION

We conclude that in determining whether the parties spent substantially equal intervals of time with their child for purposes of parental relocation, the trial court erred in relying solely upon an hourly unit of time and in excluding the time that the child spent in school from the total parenting time. We further conclude that the parties did not spend substantially equal intervals of time with the child. Because Mrs. Kawatra spent a greater amount of time with the child, she should be allowed to relocate with the child in accordance with Tennessee Code Annotated section 36-6-108(d). Accordingly, the judgment of the Court of Appeals is affirmed as modified, and the case is remanded to the trial court for further proceedings consistent with this opinion.

Costs of appeal are taxed to the appellant, Sunil Kawatra, and his surety, for which execution may issue if necessary.

_____
JANICE M. HOLDER, JUSTICE