IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 5, 2010 Session

## IN RE IYANA R.W.

**Appeal from the Juvenile Court for Bradley County**
**No. J-09-249       Daniel R. Swafford, Judge**

**No. E2010-00114-COA-R3-JV-FILED-JUNE 8, 2011**

The primary residential parent of the parties' ten-year-old daughter requested permission to relocate to Colorado. The mother's reason for the relocation was that she had married a man who was a military service member stationed in Colorado. The father opposed the move. The trial court denied the request after finding that the mother's conduct surrounding the move constituted a material change in circumstances and that it was in the child's best interest that the father become the primary residential parent. The mother appeals. At the time of the request to relocate, Mother was the primary residential parent and spent substantially more time with the child; thus, Tenn. Code Ann. § 36-6-108(d) applied. Finding that the trial court erred in failing to apply Tenn. Code Ann. § 36-6-108(d), we reverse the trial court's judgment; grant Mother's request to relocate to Colorado with the parties' minor child; deny Father's petition to change custody; and remand for the trial court to set Father's visitation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court
Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which HERSCHEL P. FRANKS, P.J., and CHARLES D. SUSANO, JR., J., joined.

Timothy T. Ishii, Nashville, Tennessee, for the appellant, Dana R. B.

Philip M. Jacobs, Cleveland, Tennessee, for the appellee, Ramon W.

### OPINION

### I. BACKGROUND

Ramon W. ("Father") and Dana R. B. ("Mother") were in a relationship that never

resulted in marriage. During their relationship, the parties lived together in Nashville, Tennessee, and became the parents of a child born on June 15, 1999. The parties' relationship ended a few years after the birth of the child, and Father eventually moved to Cleveland, Tennessee.

The parenting arrangement between the parties includes a long history of acrimony. The record contains several petitions and orders concerning visitation and child support. Mother was the child's primary residential parent, and Father visited the child every other weekend. On November 28, 2006, the Juvenile Court for Davidson County entered a permanent parenting plan that outlined Father's parenting time, allocated holidays, and ordered Father's child support obligation. For several years, Father filed several petitions alleging various issues ranging from denial of phone contact to access to the child's medical records. Despite Father's numerous petitions, the permanent parenting plan remained primarily unchanged.

On January 30, 2009, Mother sent Father a letter, notifying him of her intent to relocate with the child to Colorado. Prior to sending the letter, Mother had recently married a military service member who was stationed in Colorado. Six days later, Mother filed a Petition to Modify Visitation. In response, Father filed a Petition to Change Custody in opposition to Mother's relocation. Before a hearing on the parties' respective petitions, Mother proceeded to move to Colorado with the child.[1] A hearing occurred on March 19, 2009, in the Juvenile Court of Davidson County before a referee with Mother appearing by telephone. According to the order, the referee scheduled a trial for Father's Petition and noted that neither party presently resided in Davidson County and that another forum would be more convenient. Per Father's request, the referee ordered visitation to continue every other weekend by placing the child on an airplane. Thereafter, Father requested a transfer of the case to the Juvenile Court of Bradley County, Tennessee.[2]

After the transfer to the trial court, on May 27, 2009, Father filed a Motion for Extended Co-Parenting Time throughout the Summer of 2009. A hearing followed, at which Mother failed to appear. As a result, the trial court granted extended co-parenting time to Father and ordered that Mother immediately place the child on a plane to arrive in Nashville, Tennessee. Another hearing was held two weeks later, which Mother failed to attend. In its order, the trial court again ordered Mother to send the child to Tennessee for the summer months and suspended Father's child support obligations for those months. A third hearing

---

[1]Mother claims that she was given permission to go to Colorado by the referee's administrative assistant.

[2]The Juvenile Court of Bradley County will be referred to as the trial court throughout this Opinion.

was scheduled for August 19, 2009, regarding Father's Petition to Change Custody. Mother again failed to appear. The trial court awarded immediate physical custody of the child to Father and set the matter for further hearing on November 3 and 4, 2009.

At the hearing occurring in November of 2009, Mother appeared and was represented by counsel.[3] Mother claimed that she did not receive the majority of the pleadings and orders because Father's counsel failed to address them properly. The record demonstrates much of the correspondence from Father's attorney was returned. Nevertheless, at this hearing, the trial court heard the testimony of several witnesses and ultimately determined that a material change in circumstances warranted granting Father's Petition to Change Custody, thereby naming Father the primary residential parent of the child. Mother's appeal ensued.

## II. ISSUES

Mother raises two issues, which we restate:

1. Whether the trial court erred in failing to apply the parental relocation statute, Tenn. Code Ann. § 36-6-108.

2. Whether the evidence preponderates in favor of naming Mother the primary residential parent.

## III. STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is *de novo* and we presume that the findings of fact of the trial court are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.,* 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000). Where the trial court does not make findings of fact, there is no presumption of correctness and "we must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks,* 992 S.W.2d 403, 405 (Tenn. 1999). We also give great weight to a trial court's determinations of the credibility of witnesses. *Estate of Walton v. Young,* 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk,*

---

[3]At different times throughout the litigation, Mother has acted pro se. Mother filed the petition to relocate without the assistance of counsel. Once the matter was transferred to the trial court from the Juvenile Court of Davidson County, Mother was represented by two different attorneys.

37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). Issues of law are reviewed *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

## IV. DISCUSSION

The parental relocation statute, Tenn. Code Ann. § 36-6-108 governs this action. The statute creates a mechanism for determining whether a parent who has custody of a child may relocate outside the state or more than 100 miles from the other parent within Tennessee. Because Father concedes that he does not spend substantially equal time with the child, Tenn. Code Ann. § 36-6-108(d)(1) applies in this action. The provision provides:

> (1) If the parents are not actually spending substantially equal intervals of time with the child and the parent spending the greater amount of time with the child proposes to relocate with the child, the other parent may, within thirty (30) days of receipt of the notice, file a petition in opposition to removal of the child. The other parent may not attempt to relocate with the child unless expressly authorized to do so by the court pursuant to a change of custody or primary custodial responsibility. The parent spending the greater amount of time with the child shall be permitted to relocate with the child unless the court finds:
>
> > (A) The relocation does not have a reasonable purpose;
> > (B) The relocation would pose a threat of specific and serious harm to the child that outweighs the threat of harm to the child of a change of custody; or
> > (C) The parent's motive for relocating with the child is vindictive in that it is intended to defeat or deter visitation rights of the non-custodial parent or the parent spending less time with the child.

Tenn. Code Ann. § 36-6-108(d)(1)(A)-(C) (2010). The parent opposing the relocation bears the burden of proof to establish one of these three grounds. *Clark v. Clark*, No. M2002-03071-COA-R3-CV, 2003 WL 23094000, at *3 (Tenn. Ct. App. M.S., Dec. 20, 2003). The relocation shall be permitted if the opposing parent fails to prove any of the three grounds. Tenn. Code Ann. § 36-6-108(d)(1). If the court finds one of the grounds to be present, "the court shall determine whether or not to permit relocation of the child based on the best interest of the child." Tenn. Code Ann. § 36-6-108(e).

In this case, Mother challenges the trial court's decision to name Father the primary

residential parent. She asserts that the trial court erred in failing to apply § 36-6-108(d)(1) and failed to find which parent spends substantially greater time with the child.

Mother is correct that the trial court failed to make any specific findings about Mother's relocation pursuant to § 36-6-108. The trial court found and held:

> This is a very hard decision for me. I see negatives and positives on both sides. I'm going to make a finding that based on all the conduct that occurred surrounding the move between August of '08 and February '09 in and of itself constitutes a substantial and material change in circumstances that would justify custody for now being transferred to [Father].
>
> As far as the best interest, I understand [Mother's] need to move. I don't want to do anything to hurt her relationship with her new husband. But the way that she did it again concerns me a great deal. It was her choice to move to Colorado. Nobody forced her to do that.
>
> The vast majority of this ten-year-old girl's family is in Tennessee. She's got a very. . . significant relationship with her half brother Myles. All the rest of the paternal and maternal family is in the Davidson County/Nashville area. That would also not be in her best interest to be removed from them.

Prior to the transfer to the trial court, the Juvenile Court of Davidson County found the following regarding the proposed relocation:

> A review of the recorded transcript of the proceedings reveals that the Court found that the Petitioner [Mother] had given proper notice to the Respondent [Father] of her intent to move out of state, having filed a Petition regarding the same. The Court recognized the Petition for [P]ermission to move to Colorado, and advised the Mother that the Father had filed a Petition for [C]hange of Custody, which had not been served on the Mother. The court addressed the issue of a visitation arrangement, pending a final hearing on the Petition for Change of Custody, at which time the [F]ather insisted on requiring the child to fly from Colorado to Nashville every other weekend. The Court opined that "that is absolutely the most ridiculous thing I have ever heard in my entire life." The court encouraged the parties to try to come up with a more reasonable arrangement. The Mother offered for the Father to have spring break, but the Court instead granted the Father's request, stating "if you want to put your child through that every other weekend being on an airplane, for that long, you know, that speaks volumes."

The court noted that neither party presently resides in Davidson [C]ounty, and that another venue might be more convenient forum for this matter to proceed, and that either party may file a Notice of Transfer.

A review of the file indicated that no Order had previously been entered from said hearing on March 19, 2009, and that the file has been transferred to Bradley [C]ounty, without the inclusion of said Order. Upon entry of this Order, the clerk shall promptly forward a copy of this Order to the Juvenile Court for Bradley County, Tennessee.[4]

Neither orders addressed Mother's petition to relocate pursuant to Tenn. Code. Ann. § 36-6-108(d).

In *Placencia v. Placencia*, 48 S.W.3d 732 (Tenn. Ct. App. 2000), the second appeal of a custody case, this court addressed a trial court's denial of an evidentiary hearing on the mother's petition for change of custody. In that petition, the mother alleged a change of circumstances in opposition to the father's petition to relocate. *Id.* at 735. The mother appealed, and the father argued that on the previous appeal, "both courts addressed the relocation by implication in addressing the issue of custody." *Id.* We disagreed and stated that "the issues involved in allowing the custodial parent to relocate with a child are too important to leave to 'implication.'" *Id.* Although it does not appear that Tenn. Code Ann. § 36-6-108(d) requires specific findings as to the three elements, as the *Placencia* court observed:

. . . [W]e have found no Tennessee case which directly addresses whether such findings are required. However, given the fundamental nature of the interests involved, we hold that the trial court ruling should at least have addressed the issues of "reasonable purpose" and "specific and serious harm" in its opinion in this matter.

48 S.W.3d at 735-36. As a result, the *Placencia* court vacated and remanded that cause to the trial court for an evidentiary hearing on the father's relocation and on the issue of custody due to a change in circumstances. *Id.* at 736.

In *Edgeworth v. Edgeworth*, No. W2006-01813-COA-R3-CV, 2007 WL 2403356, at *1 (Tenn. Ct. App. W.S., Aug. 23, 2007), the mother filed a petition to relocate from

---

[4]From the record, it appears that an order was never entered from the hearing that occurred on March 19, 2009, in the Juvenile Court of Davidson County. Referee W. Scott Rosenberg subsequently entered an order, *nunc pro tunc,* on August 27, 2009.

Memphis, Tennessee, to Nashville, Tennessee, for another employment opportunity. *Id.* at *3. The father responded by filing a petition in opposition to the relocation, requesting among other things that he be named the primary residential parent. *Id.* The trial court denied the mother's petition to relocate because it found that the proposed relocation would be "a very serious disruption" for the children who had "become familiar with the Memphis [and] Shelby County area, where they have a number of support persons here, grandparents and relatives. . . ." *Id.* Relying on several cases including *Placencia,* this court found and held:

> In this case, the trial court never indicated its finding as to whether or not the minor children were "actually spending a substantially equal amount of time" with Mother and Father. It is unclear both from the technical record and the transcript of the hearings held on June 19 and 20, 2006, whether the decision to deny Mother's petition for relocation was based upon an application of Tenn. Code Ann. § 36-6-108(c), or subsection (d). Furthermore, rather than apply the statutory factors set forth in either of these subsections, the trial court based its decision to deny Mother's petition for relocation on its finding that the relocation would be "disruptive" to the boys' current lives in Memphis. We believe that a remand is required so that the trial court may hold additional proceedings, if necessary, in order to determine the threshold issue of whether Tenn. Code Ann. § 36-6-108(c) or (d) applies, and to reconsider Mother's petition based upon the applicable factors provided therein. Therefore, we reverse the trial court's denial of Mother's petition to relocate, and remand to the chancery court for this purpose.

*Edgeworth*, 2007 WL 2403356 at *9.

In the instant case, Father argues that the trial court's failure to determine whether the parties spent substantially equal time with the child was never an issue because "clearly" the child "spent more time with Mother." Father also asserts that Mother should be denied relief pursuant to Tenn. Code Ann. § 36-6-108 because she failed to follow the procedure outlined by the statute and moved to Colorado before he filed his petition in opposition to the relocation. We disagree.

Father's argument misconstrues the purpose of the parental relocation statute. First, under the statutory scheme, when a parent objects to the other parent relocating with the child, a court's first inquiry is the amount of time each parent spends with the child. *See* Tenn. Code Ann. § 36-6-108; *Kuwatra v. Kuwatra*, 182 S.W.3d 800, 802 (Tenn. 2005); *In re Jack H.L. B-K.*, No. M2010-00561-COA-R3, 2010 WL 4940586, at *2 (Tenn. Ct. App. M.S., Nov. 30, 2010). While Father concedes that Mother spent substantially more time with the child, it is important for the trial court to acknowledge this fact and apply § 36-6-108(d)(1). Second,

regarding Father's assertion that Mother failed to follow § 36-6-108, the Juvenile Court of Davidson County found that she provided Father with proper notice of her intent to relocate and that Father's Petition to Change Custody was not served on Mother.[5]  The record before us is devoid of any proceedings or an order that reflects findings based on the statutory factors of Tenn. Code Ann. § 36-6-108(d)(1).  Instead, the trial court granted Father's Petition based on its finding that Mother's conduct surrounding the move constituted "a substantial and material change in circumstances" without first addressing Mother's Petition to Relocate.

Because Mother was the primary residential parent at the time of the filing of the petition to relocate, the statutory presumption favored her relocation with the child unless a court found that the relocation: (1) lacked a reasonable purpose; (2) posed a threat of specific and serious harm to the child; or (3) appeared that the parent's motive for relocation is vindictive.  *See* Tenn. Code Ann. § 36-6-108(d)(1).  Without any findings addressing the above listed factors, we find that the trial court erred in granting Father's Petition to Change Custody.  In line with *Placencia* and *Edgeworth*, we hold that the trial court should have addressed Mother's Petition to Relocate and the statutory factors of Tenn. Code Ann. § 36-6-108(d).[6]

Our holding shall not be viewed as an endorsement of Mother's conduct – specifically, her failure to appear at court hearings.  However, having reviewed the record, we find that there is enough evidence to approve Mother's Petition to Relocate.  Mother's marriage to a military service member prompted her decision to relocate with the child.  At the hearing, Father failed to prove that Mother's relocation lacked a reasonable purpose; posed a threat of specific and serious harm to the child; or possessed a vindictive motive.  In fact, the trial court noted in its opinion that it "understood" Mother's need to move; the court further remarked that it did not "want to hurt her relationship" with her husband.  By the trial court noting that it understood Mother's reason for the relocation, the trial court implicitly recognized that Mother's relocation served a reasonable purpose.  Further, none of the evidence in the record demonstrates how Mother's relocation satisfied the other statutory factors.  At the hearing, when asked about his concerns about the relocation to Colorado, Father testified, as follows:

In Colorado – one, I know nothing about Colorado.  To my knowledge, I don't

---

[5]Tenn. Code Ann. § 36-6-108(g) provides: ". . . In the event no petition in opposition to a proposed relocation is filed within thirty (30) days of receipt of the notice, that parent proposing to relocate with the child shall be permitted to do so."

[6] It is well settled in Tennessee that a parent's right to custody is a fundamental liberty interest that may not be abridged absent due process of law.  *See, e.g., In re Knott*, 197 S.W. 1097, 1098 (Tenn. 1917); *State ex rel. Bethell v. Kilvington*, 45 S.W. 433, 434 (Tenn. 1898); *Neely v. Neely*, 737 S.W.2d 539, 542 (Tenn. Ct. App. 1987).

have any family there. To my knowledge, I don't think the mother has family there. I just know that the husband resides there. That weekend that I went there I was just by myself and I felt alienated.

To have lived in Nashville all your life, all your friends and your family here and when you're ten years old and you're asking a ten-year-old child to adjust, not just in another city or down the street, the other side of the country. . . .

What plan is in place? All this here happened suddenly. This isn't something that we all sat down as a family and discussed so the one that has to burden this adjustment is our daughter. And the issue with school. I mean, she has a brother. . . .

Father also expressed concerns that the relocation to Colorado would challenge and tarnish his relationship with the child.

The evidence including Father's testimony fails to establish any of the three statutory factors of Tenn. Code Ann. § 36-6-108(d)(1). Rather than apply the statutory factors, the trial court based its findings on concerns regarding Mother's "conduct" surrounding the move. In so doing, the trial court erred. Therefore, we reverse the trial court's order granting a change of custody and naming Father as the primary residential parent. We hold that the evidence fails to overcome the statutory presumption in favor of Mother relocating with the child, and we approve Mother's relocation to Colorado with the child. Because of the distance involved, a remand is required so that the trial court may hold an additional hearing to establish Father's visitation.

## V. CONCLUSION

In summary, we hereby (1) grant Mother's request to move to Colorado with the parties' minor child; (2) deny Father's Petition to Change Custody; and (3) remand this case to the trial court for a hearing on Mother's Petition to Modify Visitation, the trial court being instructed to give due regard to the distance between the parties' respective locations. Exercising our discretion, we tax the costs on appeal one-half to Mother, Dana R. B. and one-half to Father, Ramon W.

_____
JOHN W. McCLARTY, JUDGE