IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 7, 2017 Session

FILED
07/19/2018
Clerk of the
Appellate Courts

# IN RE BLAKE A., ET AL.

**Appeal from the Juvenile Court for Montgomery County**
**No. MCJVPLCV110004197000          Timothy K. Barnes, Judge**

_____

## No. M2016-01621-COA-R10-JV

_____

The parents of two children adopted a parenting plan in which Mother was designated the primary residential parent and parenting time was split equally; a special provision in the parenting plan prevented either parent from relocating with the children without the other parent's permission. Mother subsequently informed Father of her intent to relocate to another state with the children. In response, Father filed a petition in opposition to removal and to modify the parenting plan. The court denied Mother's relocation, holding that the provision in the parenting plan superseded the application of the parental relocation statute; the court further determined that the parties were spending substantially equal time with the children and that relocation was not in the children's best interest. Mother appeals. We conclude that the court erred in holding that the provision in the parenting plan prevented Mother from relocating; that the court did not make sufficient findings of fact to support its holding that the parents were spending substantially equal time with the children; and that the finding that relocation is not in the best interest of the children is supported by the evidence. Accordingly, we reverse the judgment in part, affirm in part, and remand the case for further proceedings.

**Tenn. R. App. P. 10 for an Extraordinary Appeal; Judgment of the Juvenile Court
Reversed in Part and Affirmed in Part; Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which W. NEAL MCBRAYER, J., joined. FRANK G. CLEMENT, JR., P.J., M.S., not participating.

Christopher J. Pittman and Zachary L. Talbot, Clarksville, Tennessee, for the appellant, Jessica Lynne Long.

Mark R. Olson and Taylor R. Dahl, Clarksville Tennessee, for the appellee, Luther E. Anderson.

# OPINION

Jessica Long ("Mother") and Luther Anderson ("Father") are the parents of a thirteen-year-old son and eleven-year-old daughter. Mother and Father have resided with each other on and off for the majority of the children's lives; they separated in 2011. In September of 2011, Father filed a petition to legitimate the children, to determine a permanent parenting plan, and to enjoin Mother from relocating outside of Montgomery County with the children; a restraining order was entered barring Mother from relocating with the children. In October, the court awarded temporary custody of the children to Father pending final adjudication of the petition.

On January 22, 2014, a final order adopting a Permanent Parenting Plan was entered. Mother was designated as primary residential parent and awarded 183 days, and Father was awarded 182 days. In the "Notice Regarding Parental Relocation" section of the order, in addition to the language required by Tennessee Code Annotated section 36-6-108, the parents agreed to the following terms:

(1) Neither parent shall have the right to move out of Montgomery County, Tennessee with the children unless agreed by both parents.
(2) If either party allows the other to move out of Montgomery County, Tennessee then the children have the right to choose which parent they would like to live with as the primary parent.
(3) The parent who decides to move out of Montgomery County, Tennessee shall be responsible for all cost involved with visiting the children.

On July 10, 2014, Mother served Father with a Notice of Intent to Relocate to Ohio with the children, pursuant to Tennessee Code Annotated section 36-6-108(a). Father filed a petition pursuant to section 36-6-108(c) opposing the relocation, requesting that relocation be denied or, alternatively, that he be named the primary residential parent. Father later amended the petition, asserting that a material change of circumstances had arisen since the adoption of the original parenting plan and seeking to modify the plan by, *inter alia*, designating him primary residential parent. At the time of the events leading to this appeal, neither the petition opposing the relocation to Ohio nor the request to modify the parenting plan had been resolved.

Thereafter Mother sent Father a notice expressing her intent to relocate with the children to Texas with her new husband; Father filed a petition on January 21, 2016, opposing relocation and seeking to modify the permanent parenting plan. In support of the proposed modification, Father alleged that a material change in circumstance had occurred since the entry of the parenting plan; he requested that he be named the primary residential parent and the parenting time with the children adjusted. The court set a hearing on Father's petition for May 18.

Prior to the taking of proof, the court and counsel discussed the effect of the above-quoted provision in the parenting plan on the issues to be heard; following the discussion, the court adjourned the hearing and took the matter under advisement. On July 27 the court entered an order holding that "there is no case law or statutory authority to ignore the prior agreement entered into by and between the parties," and "the more specific language of the parties, adopted as set forth herein, supersedes the language of the *Tennessee Parental Rights Relocation Act*, which makes the findings under the *Tennessee Parental Relocation Act* unnecessary in this case." The court declined to consider Father's petition to modify the parenting schedule "until such time as the parties have participated in mediation," continued the appointment of the Guardian *ad litem*, and declined to certify the order as final pursuant to Tennessee Rule of Civil Procedure 54.02. A final hearing was set for September 29.

Mother filed an application for extraordinary appeal pursuant to Rule 10 of the Tennessee Rules of Appellate Procedure; the question Mother presented for review was "[w]hether the Juvenile Court erred in denying [Mother's] relocation with the parties' children on the ground that the agreement not to relocate in the parties' parenting plan supersedes the Parental Relocation Statute at Tenn. Code Ann. § 36-6-108." The application was granted on September 1, 2016. In the order granting the application, we did not stay the hearing scheduled for September 29, and requested that the trial court make additional findings concerning whether relocation would be permitted if we determined in the appeal that the Parental Relocation Statute applied.

The final hearing took place on September 29, and October 11 and 14, 2016. The court heard testimony from both parents, the children's stepfather, the daughter's school counselor and riding instructor, the son's baseball and football coaches, and the guardian *ad litem*. On November 9 the court entered a final order, holding that Mother could not relocate the children and would remain the primary residential parent; Mother was given 183 days parenting time and Father 182 days. The order also provided that the children would be exchanged on a week-on, week-off basis and would attend school in the Father's district, with Father being able to enroll the children in private school at his expense. All other decisions were to be made jointly. Mother appeals, contending that the court erred in holding that the provisions of the parenting plan superseded the relocation statute and in preventing her from relocating with the children.

### A. STANDARD OF REVIEW

We review a trial court's factual findings *de novo*, accompanied by a presumption of the correctness of the findings of fact, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *see Boarman v. Jaynes,* 109 S.W.3d 286, 289–90 (Tenn. 2003). For the evidence to preponderate against a trial court's findings of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.,* 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *Realty Shop, Inc. v. R.R. Westminster Holding, Inc.,* 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). We will also give

great weight to a trial court's factual findings that rest on determinations of credibility and the weight of oral testimony. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *Woodward v. Woodward,* 240 S.W.3d 825, 828 (Tenn. Ct. App. 2007); *B & G Constr., Inc. v. Polk,* 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). No presumption of correctness attaches to the trial court's conclusions of law and our review is *de novo*. *Blair v. Brownson,* 197 S.W.3d 681, 683 (Tenn. 2006).

### B. WHETHER THE AGREEMENT IN THE PARENTING PLAN SUPERSEDES THE RELOCATION STATUTE

Tennessee Code Annotated section 36-6-108 governs relocation of parents whose children are subject to a parenting plan. In order to give the other parent ample notice of his or her intention to move as well as the opportunity to object, the statute sets out a procedure that the parent who intends to relocate must follow and establishes the standards for a court to apply when ruling on a request to relocate, depending upon the amount of residential parenting time each parent exercises. Mother argues that the trial court erred in holding that the agreement superseded section 36-6-108 because the statute does not contain a provision allowing for its terms to be waived or otherwise avoided by agreement of the parties. She argues that the case of *Self v. Self*, No. M2014-02295-COA-R3-CV, 2015 WL 5610657 (Tenn. Ct. App. Sept. 23, 2015), "makes clear that the court must apply Tennessee Code Annotated section 36-6-108 regardless of the agreement of the parties."

*Self* was a parental relocation case in which a mother, who had been designated the primary residential parent, attempted to relocate with the children to another county. The father opposed the relocation, relying in part on a provision in the parenting plan, which had been incorporated into the final divorce decree, that stated "if either party should relocate from Lincoln County, Tennessee, the children shall reside primarily with the party remaining so as to keep the children in the Lincoln County School System." *Id*. at *2. Based on that provision, the trial court held that the mother was estopped to relocate and denied her request. *Id*. at *1. Pursuant to the mother's motion, the trial court thereafter conducted a best interest analysis and found that relocation was not in the children's best interest; it denied relocation on that basis. *Id*. On appeal, we reversed the trial court's holding that the mother was estopped from relocating because of the provision in the parenting plan; we affirmed the denial of relocation on the basis that relocation was not in the children's best interest. *Id*. at *4, *9. In reaching the holding that the provision did not prevent the mother from relocating, we reasoned that the agreement lost its contractual nature when it was merged into the final decree, thereby becoming subject to "the continuing statutory power of the court to modify its terms when changed circumstances justify." *Id*. at *4 (quoting *Helton v. Helton*, No. M2002-02792-COA-R3-CV, 2004 WL 63478, at *5 (Tenn. Ct. App. January 13, 2004)).

As in *Self*, Mother and Father in this case agreed that neither parent would be permitted to move away from Clarksville with the children without the other parent's

consent; this agreement was made the order of the court. Father relied on this provision in opposing Mother's relocation, and the trial court concluded that the provision superseded the requirements of the relocation statute. We agree with the holding in *Self* that parents cannot "bargain away the continuing jurisdiction of the care and custody of children." 2015 WL 5610657 at *4. Contrary to the trial court's holding, the provision in the parenting plan cannot prevent the court from following the procedures set forth in section 36-6-108 as it considers the potential change in circumstances caused by relocation of one of the parents.

Accordingly, we reverse the trial court's determination that the provision in the parenting plan superseded the relocation statute.

## C. APPLICATION OF THE RELOCATION STATUTE[1]

Tennessee Code Annotated section 36-6-108(c) applies if the parents are "actually spending substantially equal intervals of time with the child." In that situation, "no presumption in favor of or against the request to relocate with the child shall arise." Rather, the court must determine whether to permit relocation on the basis of the best interests of the child.

Tennessee Code Annotated section 36-6-108(d) applies if the parents are not spending substantially equal intervals of time with the child, and the parent spending the greater amount of time with the child proposes to relocate with the child. In that situation, the relocation shall be permitted unless the court finds one or more of the following factors to exist:

(A) The relocation does not have a reasonable purpose;
(B) The relocation would pose a threat of specific and serious harm to the child that outweighs the threat of harm to the child of a change of custody; or
(C) The parent's motive for relocating with the child is vindictive in that it is intended to defeat or deter visitation rights of the non-custodial parent or the parent spending less time with the child.

Tenn. Code Ann. § 36-6-108(d). If one of the above factors does exist, then the court shall determine whether or not to permit relocation of the child based on the best interest

[1] The trial court in this case applied, and we utilize in our review, the version of Tennessee Code Annotated section 36-6-108 in effect at the time of the hearing in September and October 2016. In 2018, section 36-6-108 was amended such that the trial court no longer makes a preliminary determination as to whether the parties are spending substantially equal amounts of time with the children in order to proceed to determine the best interest of the children under the previous subsection (c) or to invoke the presumption in favor of relocation under the previous subsection (d); rather, the court is to perform a best interest analysis whenever a petition in opposition to relocation is filed. 2018 Tenn. Pub. Acts, ch. 853, §§ 1-2, effective July 1, 2018.

of the child.[2] Tenn. Code Ann. § 36-6-108(e).

In determining that relocation was not in the children's best interest, the trial court applied section 36-6-108(c). Mother argues that, because the court found that the parties "had not exercised substantially equal amounts of time with their children," the court should have applied section 36-6-108(d). Consequently, our resolution of this issue begins with a consideration of the court's determination that parents were actually spending substantially equal intervals of time with the children.

Our Supreme Court explained how to determine the "time actually spent" in *Kawatra v. Kawatra*, 182 S.W.3d 800 (Tenn. 2005), a parental relocation case. In that case, using the number of hours that each parent spent with the child in the year preceding the hearing, the trial court found that the parents were spending substantially equal intervals of time, applied section 36-6-108(c), and denied the primary residential parent's request to relocate. *Id*. at 803. This court reversed the determination that the parties were spending substantially equal time, holding that the trial court erred in excluding hours spent in school for the "total time spent"; we held that the parties were not spending substantially equal time, applied section 36-6-108(d), and permitted the relocation. The Supreme Court affirmed, holding that:

> To determine the number of days to credit to each parent for purposes of Tennessee Code Annotated section 36-6-108(c) and (d), the trial court should first examine the provisions of the residential schedule. The trial court should then consider additional time each parent spent with the child that is not reflected in the residential schedule. If either parent violated the terms of the residential schedule by interfering with the other parent's time with the child, the trial court should make any necessary adjustments to reflect the time that the child should have been in the care of the other parent. To allocate a day to one parent when both parents claim credit for that day, the trial court should examine 1) the hours each parent actually spent with the child on that day; 2) the activities in which each parent engaged with the child; 3) the resources the parent expended on the child's behalf during that time period, including the costs of a meal or any other costs directly related to that parent's care and supervision of the child; and 4) any other factor that the trial court deems relevant.

182 S.W.3d 803–04 (footnotes omitted).

---

[2] If the court finds that it is not in the best interest of the child to relocate, but the parent with whom the child lives the majority of the time decides to relocate anyway, then the court is authorized to make a new custody determination. Tenn. Code Ann. § 36-6-108(e).

In this case, the court found that the parties have not exercised substantially equal amounts of time with the children but also found that "the proof preponderate[s] in favor of finding that the Mother willfully, intentionally, and without just cause interfered with the Father's time with the minor children, [and] but for the Mother's interference, the parties would have spent substantially equal amounts of time with the minor children."

The parenting plan provides Mother 183 days with the children and Father 182 days. The court held that the parties were not spending the time specified in the plan, but rather that Mother prevented Father from exercising parenting time; the court did not make specific findings as to the circumstances of Mother's interference with Father's time or the amount of "time actually spent" by either parent.

Mother and Father testified at length regarding the time each spent with the children; some of the testimony conflicted. For instance, Mother testified that in the past 365 days Father had exercised 100 days of parenting time; when asked about Mother's estimate of days, Father testified that he "did not believe that to be true." The court did not address or resolve the conflicting testimony in the Final Order; neither did the court make a determination of which parent was the most credible witness. Because the court did not make these crucial findings, we cannot determine whether the evidence supports or preponderates against the trial court's finding that "[b]ut for the Mother's interference the parties would have spent substantial equal amounts of time with the minor children."[3] As a consequence, we cannot determine whether the court was correct in applying section 36-6-108(c) or whether Mother was entitled to the presumption in favor of relocation at section 36-6-108(d).

For the foregoing reasons, we reverse the judgment and remand the case for the trial court to make the necessary findings of fact as to the time spent with the children by each parent and, on the basis of such finding, reconsider the court's application of section 36-6-108.

### D. BEST INTEREST ANALYSIS

Tennessee Code Annotated section 36-6-108(c) requires the court to conduct a best interest analysis to determine whether relocation is in the children's best interest; in conducting the analysis, the court is to consider all relevant factors, specifically including those found at section 36-6-106(a)(1)-(15). The trial court determined that relocation was not in the best interest of the children, making factual findings in that regard. Mother

---

[3] "[F]indings of fact are particularly important in cases involving the custody and parenting schedule of children," and without such findings "we are unable to afford appropriate deference to the trial court's decision." *Gooding v. Gooding*, 477 S.W.3d 774, 782–83 (Tenn. Ct. App. 2015) (quoting *In re Connor S.L.*, No. W2012-00587-COA-R3-JV, 2012 WL 5462839, at *4 (Tenn. Ct. App. Nov. 8, 2012)).

7

does not contest this holding; rather, she contends that the court should have applied section 36-3-108(d).

The determination of the best interest of a child is a factual question, and this Court will presume a trial court's factual findings in this regard to be correct, unless evidence preponderates otherwise. *In re T.C.D.*, 261 S.W.3d 734, 742 (Tenn. Ct. App. 2007). In reviewing a trial court's judgment, "we are mindful that '[t]rial courts are vested with wide discretion in matters of child custody' and that 'the appellate courts will not interfere except upon a showing of erroneous exercise of that discretion.'" *Johnson v. Johnson*, 165 S.W.3d 640, 645 (Tenn. Ct. App. 2004) (quoting *Koch v. Koch*, 874 S.W.2d 571, 575 (Tenn. Ct. App. 1993)).

Upon our review of the record, the evidence does not preponderate against the determination that relocation is not in the best interest of the children; the court's findings are supported by the testimony and other evidence in the record. The weight to be given this holding is to be determined after the court has made the threshold determination as to whether Tennessee Code Annotated section 36-6-108(c) or (d) (2016) applies to Father's petition.

### E. ATTORNEY'S FEES

Father requests an award of his attorney's fees for this appeal.

> [I]t is in the sole discretion of this court whether to award attorney's fees on appeal. As such, when this Court considers whether to award attorney's fees on appeal, we must be mindful of the ability of the requesting party to pay the accrued fees, the requesting party's success in the appeal, whether the requesting party sought the appeal in good faith, and any other equitable factor that need be considered.

*Spigner v. Spigner*, No. E2013-02696-COA-R3-CV, 2014 WL 6882280, at *13 (Tenn. Ct. App. Dec. 8, 2014) (citations omitted). Considering the circumstances of this case and our resolution of the issues, in our discretion, we decline to award fees.

For the foregoing reasons, the judgment of the trial court is reversed in part, and affirmed in part; the case is remanded for further proceedings in accordance with this opinion.

 

RICHARD H. DINKINS, JUDGE